## STILWELL and wife *vs.* HUBBARD.

Where a *deed* of land executed in the presence of a commissioner authorized to take the acknowledgment of conveyances, who endorsed upon it a certificate of acknowledgment, was taken by the grantor into his possession, where it remained until his death ; *it was held* that it was inoperative for the want of delivery ; the grantee not having been present at the time of its execution, no formal delivery having been made to a third person, and the grantor by his declaration showing that he *intended* the deed should operate in the nature of a testamentary disposition not to take effect until his death.

THIS was an action of *ejectment*, tried at the circuit in the county of Kings in December, 1836, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The plaintiffs claimed to recover the premises in question by virtue of a *deed* executed by *Samuel Hubbard, senior*, to his daughter *Altie*, one of the plaintiffs. The defendant, who is the grandson of *Samuel Hubbard, junior*, claimed the premises under a devise to him contained in the *will* of his grandfather. Several years after the making of the will, and two years previous to his death, *Samuel Hubbard, senior*, went alone to the house of a witness for the plaintiffs, and told him that his daughter *Altie* was dissatisfied as to the disposition he had made of his property by his will, and that he had come to him for the purpose of making an alteration in the will, or of having a new one drawn, or having something done to pacify his daughter. The witness

stated that after some conversation as to the competency of the testator to alter his will, he being very aged, it was concluded between them that a deed should be drawn, conveying to *Altie* twelve acres of land which had been devised to the defendant. The witness accordingly drew a deed conveying that parcel to Altie, which deed was executed by Samuel Hubbard, senior, in his presence, and being a judge of the county of Kings, he endorsed a certificate of acknowledgment upon it and delivered it to the grantor. The grantor asked the witness *whether the deed would give his daughter the piece of land after his death*, who answered that he thought it would. The witness testified that the impressions received by him were that the *deed was not to go into effect until the death of the grantor*, who was to keep the same until that event should happen. A son of the plaintiffs testified that upon a certain occasion, *Samuel Hubbard, senior*, said that if he (the witness) would give up a note which he held against him for $102, he would give a deed of the premises in question to the *mother* of witness. Two or three weeks thereafter the grandfather came to the house of the plaintiffs and told his mother that he had procured a deed to be drawn to her, and that she could have it at any time that she wanted it. He at this time did not ask for the note, and the witness still retained it. On the other hand, it was proved that on the day that the will of Samuel Hubbard, senior, was opened and read, *Altie*, one of the plaintiffs, said that she *knew nothing about the deed*. After the death of Samuel Hubbard, junior, the *deed* and *will* were found in a trunk in which he kept his papers, and it was conceded by the plaintiffs' counsel that the *deed* had never been out of the possession of the grantor. The judge charged the jury that the deed was inoperative for the want of *delivery*, and that the plaintiffs could not claim title under it. The jury, notwithstanding, found a verdict for the plaintiffs. A motion was made to set aside the verdict.

*J. A. Lott*, for the defendant.

*N. B. Morse*, for the plaintiffs.

*By the Court*, BRONSON, J.   The deed was never delivered to nor accepted by Altie, the grantee, but remained in the possession of the grantor until the time of his death.   *Jackson* v. *Phipps*, 12 *Johns. R.* 418.   There were no formal words of delivery, and nothing was said at the time the deed was executed from which it can be inferred that Hubbard intended it should be a present operative conveyance.   On the contrary, it plainly appears that he intended the deed should not take effect till after his death.   In *Doe* v. *Knight*, 5 *Barn. & Cress.* 671, the grantor at the time of execution said to the subscribing witness, " I deliver this as my act and deed."   He afterwards handed the deed to his sister, saying, " Here, Bess, keep this, it belongs to Mr. Gamons," who was the grantee.   The jury found that the grantor parted with the possession and all power and control over the deed, and that the sister held it for Mr. Gamons, free from the control and disposition of the brother.   The court held this a good delivery to a third person for the use of the grantee.   On another point in the case, *Bayley*, J., after referring to several authorities, said "It seems to me that where an instrument is *formally sealed and delivered*, and there is nothing to qualify the delivery but the keeping the deed in the hands of the executing party, *nothing to show he did not intend it to operate immediately*, that it is a valid and effectual deed, and that delivery to the party who is to take by it, or to any person for his use, is not essential.   This is perhaps going as far as any of the cases, but it will not answer the purpose of the plaintiffs.   In *Scrugham* v. *Wood*, 15 *Wendell*, 545, the conveyance was to trustees, of whom the plaintiff, who now claimed against the deed was one, and the trustees covenanted to execute the trusts.   The deed was executed and acknowledged by and in the presence of all the parties.   The grantor had the deed recorded, and then deposited among his papers.   There was no room to doubt that all the parties intended it should immediately take effect as an operative conveyance.   The grantor, as well as the other parties, was interested in the preservation of the deed ; and it was said, that the fact of its being in his possession did not, under the circumstances of the case, create any presumption against the idea that a de-

livery was intended at the time of execution. In *Ruggles* v. *Lawson*, 13 *Johns. R.* 285, the grantor delivered several deeds to a *third person*, to be delivered to his children respectively in case he should die before making a will. The grantor having died without making a will, it was held that the deeds were good, and would take effect from the first delivery. But in the case at bar, there was no delivery to a third person. The grantor kept the deed himself. He did not intend it should be an operative conveyance so long as he lived ; and if it was his settled purpose that *Altie* should have the land after his death, he has not taken the proper legal means for carrying that intention into effect. We cannot uphold this deed without overturning well settled principles. There must be a new trial ; and as the verdict was against law and the charge of the judge, the costs must abide the event.

New trial granted.