JOSEPH W. PATTERSON, petitioner for partition, *vs.* THADDEUS SNELL.

Kennebec.   Decided December 17, 1877.

*Deed.*

A quitclaim deed of all the grantor's "right, title and interest in and to all the real estate situated in the town of V. of which my late father, T. S. of said V., was seized at the time of his decease," is sufficient in its terms and furnishes a description sufficiently precise to convey whatever estate the grantor had in lands in V. as heir of his father.

The possession and production of a deed by the grantee is *prima facie* evidence of delivery ; but the presumption is the other way, where it remained in the possession of the grantor during his life time, though it has been recorded since his death.

The appearance of a deed upon the record does not operate as a delivery nor supersede the necessity of proof of delivery.

A deed intended by the grantor to take effect only as a testamentary disposition of his property, and retained by him in his own possession without delivery until his decease, passes no title from him to the grantees named in it.

ON REPORT.

PETITION for partition.

*S. & L. Titcomb*, for the petitioner.

*W. S. Choate*, for the respondent.

BARROWS, J.   The petitioner, claiming to be seized of an undivided half, seeks partition of a parcel of land containing thirty acres upon which the respondent in 1842 or 1843 erected a house and barn, and of which he has ever since been in possession, claiming to be sole seized.

Prior to 1834, the land with other parcels of real estate in 'Vassalboro' belonged to Thaddeus Snell, senior, father of the respondent.

The petitioner claims title under a deed from the administrator of Wm. W. Snell, the respondent's brother, who died in 1873, having lived in Vassalboro', a neighbor to the respondent, for more than thirty years while the respondent had sole possession of the premises.   No question is made but what the probate proceedings touching the administration of Wm. W. Snell's estate and the sale of his property by his administrator are all regular, and we consider it proved that whatever title Wm. W. Snell had at his death the petitioner now holds.   To show title in Wm. W. Snell, the petitioner produces from the records a copy of a deed dated September 9, 1834, purporting to be a conveyance, by Thaddeus Snell, senior, to his two sons, the respondent and Wm. W., in consideration of love and affection, and one thousand dollars paid by them, of a parcel of land in Augusta, this thirty-acre piece in Vassalboro', also the grantor's home farm there, and half of the saw-mill and privilege and of a grist-mill privilege, " including all the lands, buildings, privileges and appurtenances of every description which I own and of which I am seized and possessed."

The deed seems to have been witnessed by three subscribing witnesses, and was not recorded until July 11, 1839, nearly a month after the grantor's death.

The administrator's deed and these records make the petitioner's case.   The respondent produces and proves the execution

of a deed of quitclaim, from his brother, Wm. W. Snell, to him dated October 21, 1841, and recorded the same day, of "all my right, title and interest in and to all the real estate situated in the town of Vassalboro' of which my father the late Thaddeus Snell of said Vassalboro' was seized at the time of his decease, being one undivided half of his property," and also an undivided half of a parcel owned by said grantor in common with Elias Craig. The consideration named in this deed is $1200. The grantee seems to have taken sole possession of the premises shortly after its execution. Its terms are sufficiently formal and the description of the estate sufficiently precise to convey whatever. estate Wm. W. Snell had in lands in Vassalboro' as heir of his father. R. S., c. 73, § 14. *Field* v. *Huston*, 21 Maine, 69. *Marr* v. *Hobson*, 22 Maine, 321. *Libby* v. *Thornton*, 64 Maine, 479.

But the petitioner contends that the premises passed by the deed of September 9, 1834, from Thaddeus Snell, senior, to Wm. W. and the respondent, and that it was not land of which Thaddeus Snell, senior, "was seized at the time of his decease." If the deed of September 9, 1834, was ever delivered by Thaddeus Snell, senior, with the intention that the title to the premises therein described should pass, this would follow. Are the circumstances such that such a delivery may be presumed, or inferred? "The possession and production of a deed by the grantee is *prima facie* evidence of its having been delivered; and for like reasons in the absence of all contradictory testimony the presumption arises, when found in the possession and produced by the grantor, that it has not been delivered," says Shepley, J., in *Hatch* v. *Haskins*, 17 Maine, 391, 397.

The deed in question is not produced by the petitioner nor by the administrator of Wm. W. Snell, nor is there any evidence tending to show that it was ever in the possession of said Wm. W. in the life time of the grantor. The respondent, who is the other grantee named in it, denies all knowledge of its existence until within the last few years. He brings evidence from which we think it may fairly be inferred that it remained in the custody of Thaddeus Snell, senior, the grantor, at all events for some time after it was executed, and was kept by him in a chest where he

kept his own valuable papers, in the house on the homestead, which seems at one time towards the last of his life to have been occupied by him and Wm. W. Snell. It was placed on record by somebody within a month after his decease. There is no testimony that Wm. W. Snell ever mentioned it or set it up as operative and valid. On the contrary, two years after his father's death, he makes this conveyance to his brother, the respondent, which so far as appears could take effect upon nothing if the deed of September 9, 1834, is to be regarded as a good subsisting conveyance. No change in the possession of the property appears to have followed the execution of the deed of September 9, 1834, during the life time of the grantor. Looking at the number of the attesting witnesses, unusual for a deed, but appropriate for a will, and the fact that one of them, who also took the acknowledgment of the deed, was the register, who afterwards recorded it, in connection with the facts above recited, it seems probable that Thaddeus Snell, senior, designed to have it take effect only as a testamentary disposition of his property, and retained it in his own possession while he lived, accordingly.

But this deprived it of all force as a deed, which can take effect only when delivered, and, if not delivered before the death of the grantor, never can be. *Brown* v. *Brown*, 66 Maine, 316.

In view of the circumstances under which this deed makes its appearance, we think there is neither proof nor presumption of its delivery. That its appearance upon the record does not operate as a delivery nor supersede the necessity of proof of delivery, was distinctly held in *Parker* v. *Hill*, 8 Met. 447, and *Hawkes* v. *Pike*, 105 Mass. 560, where the registration occurred during the life time of the grantor. *A fortiori*, it could not in a case like the present. See also *Stilwell* v. *Hubbard*, 20 Wend. 44.

The deed of September 9, 1834, not having been delivered by the grantor, he died seized of the premises therein described, and a conveyance made in the terms used by Wm. W. Snell in his deed to the respondent, dated October 21, 1841, would pass said Wm. W.'s interest therein.

'It is not to be presumed that Wm. W. Snell when he made

that deed did not intend to convey anything.  The reverse is true.  He may have erroneously supposed that the reception and registration of the deed of September 9, 1834, by one of the grantees after the death of the grantor, would make it operative from that date.  He may have been instructed by counsel that for want of delivery in his father's life time it could not take effect; but there is no occasion to impute to him an intention to perpetrate a fraud on his grantee by making his own conveyance in terms which would render it nugatory if his father's deed had been duly delivered.  Such an imputation is inconsistent with his apparent acquiescence for more than thirty years in the occupation of the premises by his grantee.  It is urged that his conveyance of an undivided half can be explained only upon the hypothesis that the deed had been delivered.  But it is equally consistent with a mistaken supposition which may have been entertained by both the brothers that the provision otherwise made by Thaddeus Snell, senior, for his granddaughter, left his sons undisputed owners of the realty.  Where the question is whether we shall impute positive fraud or a mistake in the law to a party to a conveyance, we prefer, in the absence of convincing proof, to infer the latter.

The remaining ground taken by the petitioner is that Wm. W. Snell's conveyance to the respondent was fraudulent and void.

But the case is very far from furnishing the proof which would enable the grantee of an administrator to defeat a deed of the intestate, made so long before his death, on the ground that the property was fraudulently conveyed.  There is hardly enough to excite a suspicion.

The burden was on the petitioner to show either that the deed of September 9, 1834, was duly delivered, or that that of October 21, 1841, produced by the respondent, was tainted with fraud; but the preponderance of evidence is against him on both points.

We have no occasion to consider the respondent's claim of title by adverse possession.

*Partition denied.   Petition dismissed.*

APPLETON, C. J., WALTON, VIRGIN and PETERS, JJ., concurred.

LIBBEY, J., having been of counsel, did not sit.