IVORY F. HALL *et als.* *vs.* MARCELLUS B. PREBLE.

Androscoggin.    Decided March 8, 1878.

*Will.*

A testator made his widow residuary devisee with power to hold and use all the property during her life, and to expend all of it if necessary for her care, comfort or support. *Held*, 1. That she took a life estate, with full power to convey the real estate in fee, at pleasure, without restraint as to her use of the proceeds for her care, comfort or support. 2. That she was made the sole judge as to whether it was necessary to convey for the purpose named. 3. That her quitclaim deed of land in the usual form was a sufficient execution of her power under the will, and conveyed the fee.

ON REPORT.

WRIT OF ENTRY.

*A. M. Pulsifer, W. W. Bolster & J. R. Hosley*, for the plaintiffs.

*N. Morrill*, for the defendant.

LIBBEY, J.   Both parties claim the premises under the will of Daniel E. Hall, deceased. The demandants, as his surviving brothers and sisters at the death of Annie E. Hall, his widow, and the tenant, by deed from said Annie E. Hall, devisee under said will.

The main contention between the parties is, as to the true construction of the third clause in the will of Daniel E. Hall. It reads as follows: " I give and bequeath all the residue and remainder of my estate, both real and personal, including all moneys that may be received upon my policy of insurance upon my life, unto my beloved wife, Annie E. Hall, during her life. It is my intention and desire that said Annie E. Hall shall hold and use to her benefit, all the property, both real and personal, owned by me at the time of my decease, during her life, the same as if absolutely hers, and at her death whatever may be left, I wish equally divided among the survivors of my brothers and sisters. To avoid all contentions and disputes, it is my request and directions that said Annie E. Hall shall immediately upon my decease, by will, devise and direct that such portion of said estate as shall be left at her decease, be divided between the survivors of my brothers and sisters according to my intention as expressed in this will. I wish it distinctly understood that I place no restriction upon my said wife in regard to her use of my said estate, desiring and intending that she shall use and expend every dollar of the same, if necessary, for her care, comfort and support."

It is claimed by the demandants that Annie E. Hall took a life estate only under this clause in the will, and had no power to convey the fee; and further that she did not undertake to convey the fee by her deed to the tenant, but her life estate only. On the part of the tenant it is claimed, that she took the fee, or if not the fee, a life estate, with full power to convey the fee as she might see fit, and that by her deed to the tenant she did convey the fee.

" The first and great rule, in the expositions of wills, to which all other rules must bend, is that the intention of the testator, expressed in his will, shall prevail, provided it be consistent with the rules of law." *Shaw* v. *Hussey*, 41 Maine, 495. To ascertain the intention of the testator, every clause and word of the will are to be taken into consideration, because one clause is often modified or explained by another. Every implication as well as every direct provision is to be regarded.

The general rule is well settled that " a devise to one, without words of inheritance, but containing the power to dispose of the

property without qualification, is treated as equivalent to a devise with words of inheritance." *Shaw* v. *Hussey, supra. Ramsdell* v. *Ramsdell,* 21 Maine, 288. *Hale* v. *Marsh,* 100 Mass. 468, and cases cited. To this general rule the courts have established an exception. In *Ramsdell* v. *Ramsdell,* this court, after a careful examination of the authorities, declared it thus : " The rule to be extracted from these cases would seem to be, that where a life estate only is clearly given to the first taker, with an express power on a certain event or for a certain purpose to dispose of the property, the life estate is not by such a power enlarged to a fee or absolute right ; and the devise over will be good." In *Shaw* v. *Hussey,* it is stated thus : " The exception is, when a testator gives to the first taker an estate for life only, by certain and express words, and annexes to it a power of disposal."

Whether this case is within the general rule or falls under the exception, the result must be the same if Mrs. Hall, the devisee, conveyed the fee to the tenant. But from a careful examination of all the provisions of the will we are satisfied that it was the intention of the testator that she should take a life estate, with full power to convey the fee at her pleasure, without any restriction upon her use of the same, for her care, comfort or support. The provisions of the will by direct terms as well as by necessary implication, give her the full power of disposal of the whole of the residue and remainder of the estate, and make her the sole judge of the necessity of the sale and use thereof for her care, comfort or support. This construction gives to each word and clause of the will its natural and common import.

It remains to be determined whether Mrs. Hall, by her deed to the tenant of the demanded premises, conveyed to him the fee in execution of the power under the will. We think she did. It is not necessary that there should be an express declaration in the deed that it is made in execution of the power. It is sufficient if the deed purports to convey a fee. When a person conveys land for a valuable consideration, he must be held as engaging with his grantee to make the deed as effectual as he has the power to make it. The deed of Mrs. Hall to the tenant, following the specific description of the premises, declares the premises to be "the

same devised to me by my late husband, D. E. Hall, late of Auburn." If any direct reference to the will was required this is sufficient. It contains the usual words of inheritance. True it is a deed of quitclaim of all her right, title and interest in and to the premises, and it is claimed that this language is fully answered by holding the deed to be a conveyance of her life estate only. But she had a right and interest in the premises to convey them in fee for her sole use and benefit. Her power was not to convey in behalf, and for the use of another. It was to convey for herself. Having granted all her right, title and interest in the premises to the tenant to hold in fee, she cannot be held as having conveyed to him her life estate only, still holding the power to convey to another in fee. She conveyed for full value. Her deed sufficiently declares her intention to convey under the will, and by it the tenant took the fee.

*Judgment for the tenant.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.