NELLIE BIRMINGHAM and others, in equity,

*vs.*

ALBERT A. LESAN.

Penobscot.    Opinion October 15, 1885.

*Will.   Devise.   Condition subsequent.   Equity.   Amendment.   Practice.*
*Chancery rules XXXIX.   R. S., c. 77, § 11.*

M. devised his farm to his wife for life, "the said real estate to go to J. M. at her death, if any remains, providing J. M. maintains and provides for her decently from the proceeds of the farm or otherwise; and providing the said J. M. fails to provide for her, then she is empowered to call on selectmen to provide for her in her own house." The will also provided that J. M. be allowed to use the place for the purpose of maintaining himself and the widow of the testator by farming the same. *Held*, that J. M. took upon a condition subsequent; and that J. M. having failed to perform the condition, the heirs of the devisor had the right to create a forfeiture by an entry therefor, although the will contained no clause to that purport.

When one holds title upon condition subsequent, it remains in him as if no condition ever existed, until defeated by entry for breach.

Equity does not lend its aid to devest an estate for a breach of a condition subsequent, and thereby enforce a forfeiture.

An original bill cannot be amended by incorporating therein anything which arose subsequent to the commencement of the suit; it can only be done by a supplemental bill.

A party who has no cause of action when his original bill is filed, cannot by supplemental bill maintain his suit upon a cause of action that accrued after the filing of the original bill.

Neither Chan. Rule XXXIX, nor R. S., c. 77, § 11, allows an event which occurred since the filing of the original bill to be engrafted by way of amendment; but a new bill is the remedy.

BILL IN EQUITY. Heard on bill, answer and proof. The case has been once before at the law court and is reported 76 Maine, 482.

The plaintiffs claim title to the real estate of which James McDermott died seized, as his heirs; the defendant claims title to the same under a mortgage from Catherine McDermott, and John Mehan devisees by the will of the said James McDermott. The following are the essential provisions of the will:

"Article 1. I will that after the payment of my just debts, I give and bequeath to my wife Catherine McDermott, all the

personal property of every name and description, that I may own and possess at the time of my decease, said Catherine to use a certain portion of the same for putting a head stone to my grave, and defraying my funeral expenses.

" Article. 2. I give and devise to my wife, Catherine, all the real estate that I may die seized of, to hold the same during her life for her maintenance, but not to sell the same, the said real estate to go to John Mehan at her death, if any remains, providing the said Mehan maintains and provides for the said Catherine decently from the proceeds of the farm or otherwise ; and providing the said Mehan fails to provide for the said Catherine, then the said Catherine is empowered to call on the selectmen to provide for her in her own house.

" Article. 3. I give and devise to my wife, Catherine, one-half of the lower part of my dwelling house, west side, during her natural life, the other half of said house to be used by John Mehan, if he wishes but not to sub-let.

" Article 4. I will that the said Mehan be allowed to use the place for the purpose of maintaining himself and my wife by farming the same ; the said Mehan to put a head stone at said Catherine's grave, and if Mehan fails to do so, I will that the selectmen do so from the proceeds of the estate."

The opinion states other material facts.

*Barker, Vose and Barker,* for the plaintiffs.

Mehan took the estate upon conditions subsequent, *Gray* v. *Blanchard,* 8 Pick. 291. And he did not perform the condition.

The bill is brought to obtain the construction of the will. The amendment is not necessary to the final and equitable determination by the court. But the amendment is permissible in the discretion of the court. R. S., c. 77, § 11 ; Rules of Court, XXXIV. *Byers* v. *Franklin Coal Co.* 106 Mass. 141.

The rights of the defendant are not prejudiced by the amendment, and if the amendment should be found necessary, " it will promote justice and prevent litigation and delay."

*Charles P. Stetson,* for the defendant.

Mehan took by the will an estate which he could convey.

He took a fee after the life-estate of Catherine, the language

of the will does not create an estate upon condition, or an estate to be defeated by the heirs, there are no words giving estate to heirs, no words giving them right of re-entry, or declaring a forfeiture. *Loberee* v. *Carleton*, 53 Maine, 211; *Rawson* v. *Inhs. of S. District*, 7 Allen, 125; *Stark* v. *Smiley*, 25 Maine, 201. The language " if said Mehan fails to provide for the said Catherine, then said Catherine is empowered to call upon the selectmen to provide for her, in her own house," show that the intention was not to create a condition of the estates resting in him, but only a trust or direction to him how to use the proceeds of the farm. 2 Washburn on Real Estate, *446.

"If one makes a feoffment in fee *in intentione ad effectum*, &c., that the feoffer shall do or not do such an act, these words do not make the estate conditional but it is absolute notwithstanding." The 4th article of the will also sustains this view, the intention being that they (Mrs. McDermott and Mehan) should have joint occupancy of premises for the purpose of maintaining themselves from the proceeds of the farm. If it was the intention that the town or selectmen should have the right to take and sell the real estate, then the town or selectmen should be made party to the bill. There has been no entry by the heirs, no action can be maintained by heirs unless there be an entry previous to action. *Marwick* v. *Andrews*, 25 Maine, 525, 530.

The entry made after this case was made up is of no avail. If the heirs claim title against Lesan's title by mortgage, a writ of entry would be the proper remedy, and an adequate remedy at law. Equity is not a proper remedy. *Smith* v. *Jewett*, 40 N. H. 530; 2 Jarman on Wills, 526. Bill to remove cloud upon complainant's title cannot be sustained in such a case. *Briggs* v. *Johnson*, 71 Maine, 235.

VIRGIN, J. It has already been adjudged that the testator's widow took a life-estate in the farm of which he died seized, 76 Maine, 482.

And now upon careful consideration of all the terms of the will we have concluded that the devise to Mehan was upon

condition. It is very plain that the testator did not intend that he should take an absolute fee by implication in the remainder with a charge upon him personally to support the life-tenant; nor a life-estate in the remainder with a like charge upon the estate devised. *McLellan* v. *Turner*, 15 Maine, 438 and cases there cited; 3 Green, Cruise, 283–4 and cases in note; *Taft* v. *Morse*, 4 Met. 523; *Gardner* v. *Gardner*, 3 Mas. 179, 207; for only what "remains at her death" is devised to him.

Was it a condition precedent or subsequent? As there are no technical words which distinguish them (4 Kent, 125), whether it be one or the other depends upon whether the testator intended that a compliance with the requisition annexed to the estate devised should be a condition of its acquisition, or merely of its retention, 2 Jar. Wills. (R. & T. ed.), 509.

It cannot be deemed a condition precedent, because Mehan is authorized by the express terms of the will to provide for the life-tenant "from the proceeds of the farm." And while "proceeds" may mean "produce" or "income," it also signifies "money or other things of value obtained from the sale of property," Web. Dict.; and the testator must have intended to use it in the latter sense, inasmuch as the real estate was to go to Mehan, at the widow's death, "if any remained," and he could not sell any of it for her support, unless he had at least a title on condition subsequent.

The devise to him, together with the next succeeding provision that in case he failed "to provide for" her "then she is empowered to call on the selectmen," &c., cannot be considered a conditional limitation, as in *Stearns* v. *Godfrey*, 16 Maine, 158 and *Brattle Sq. Church* v. *Grant*, 3 Gray, 143, because the limitation over is too indefinite, no third person being named. 4 Kent, 127.

Considering the whole will together we are of opinion that the devise to Mehan was upon a condition subsequent. *Stark* v. *Smiley*, 25 Maine, 201; *Marwick* v. *Andrews*, 25 Maine, 525; *Thomas* v. *Record*, 47 Maine, 500.

Mehan having failed to perform the condition, the heirs of the

devisor had the right to create a forfeiture by an entry therefor, although there was no clause in the will to that purport. *Thomas* v. *Record, supra;* 4 Kent, 123. But no such entry was made before this suit was commenced. And while equity will, under well recognized circumstances, relieve a party from a forfeiture a court of equity does not lend its aid to devest an estate for a breach of a condition subsequent and thereby enforce a forfeiture. 4 Kent, 131; Sto. Eq. § 1319; *Smith* v. *Jewett*, 40 N. H. 534.

Moreover the title passed to Mehan subject only to be defeated on breach of the condition; and until an entry for the breach, it remained in him as if no condition ever existed. The complainants, therefore, at the commencement of this suit, placed themselves in the attitude of praying for the removal of a cloud from a title which they did not hold, by the cancellation of a mortgage upon a farm of which they had no possession. *West* v. *Schnebley*, 54 Ill. 523; Sto. Eq. § 705, note 4; Pom. Eq. § 1399, note 4.

But since the filing of their bill, viz.: on June 1, 1885, the plaintiffs made an entry for breach of the condition and they have amended their bill accordingly. In the absence of any statutory provision or general rule of court authorizing it, an original bill cannot be amended by incorporating therein anything which arose subsequent to the commencement of the suit; it can only be done by a supplemental bill. *Stafford* v. *Howlett*, 1 Paige, 200; *Campbell* v. *Bowne*, 5 Paige, 34; *Downer* v. *Wilson*, 33 Vt. 1. Moreover, generally, matters which have occurred since the filing of the original bill and which are material to perfect the plaintiff's case, may be introduced into the record by supplemental bill. *Greenleaf* v. *Queen*, 1 Pet. 148; *Candler* v. *Pettit*, 1 Paige, 168; *Pinch* v. *Anthony*, 10 Allen, 470. But in the language of the court in the last named case, "we know of no case that goes so far as to authorize a party who has no cause of action at the time of filing his original bill, to file a supplemental bill in order to maintain his suit upon a cause of action that accrued after the original bill was filed, even though it arose out of the same transaction that was the subject of the original bill."

Neither does Chan. Rule xxxix authorize this new fact of entry to be brought into the record by way of amendment, inasmuch as the "circumstances of the case are not such as to require a supplemental bill."

Nor does the last clause of R. S., c. 77, § 11, allow an event which occurred since the filing of the bill to be engrafted therein by amendment or reforming the bill. A statute intended to make such a radical change in the practice should be express and plain in its terms.

Our opinion therefore is that a new bill is essential. And now that the complainants are in possession they cannot try the title by writ of entry, but may maintain a proper bill to remove the cloud from it (*Davis* v. *Boston*, 129 Mass. 379), especially since they have revested the title in themselves by an entry for breach on the part of Mehan.

*Bill dismissed with costs.*

PETERS, C. J., DANFORTH, FOSTER and HASKELL, JJ., concurred.

EMERY, J., concurred in the result, but thought the proper remedy was under R. S., c. 104, § § 47 and 48.