## JOHN WALKER *v.* FRANCES T. BICKERTON.

### ORIGINAL.

SUBMITTED OCTOBER 31, 1902.    DECIDED NOVEMBER 17, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

It is not necessary to obtain an order in equity for the execution of an ordinary power of sale given to a life tenant under a will;

Nor to set forth in the deed the facts that make the sale necessary or

advisable where by the will the sale is authorized in case it is necessary or advisable.

Under the circumstances of this case as set forth in the opinion, the life tenant is held to be the sole judge of the advisability of selling.

OPINION OF THE COURT BY FREAR, C.J.

This is a submission on agreed facts. The question is whether the defendant in making a conveyance to the plaintiff effected a valid execution of a power to sell under the will of her late husband, Richard F. Bickerton. By the terms of the will, after giving certain real and personal property to his wife absolutely and in fee, the testator gave the residue both real and personal (the latter consisting of stocks in four sugar plantations) to his wife for life with remainder to his four children. He further provided as follows:

"If circumstances should make it necessary or advisable to sell any and all of the property real or personal in which my said wife has a life estate, then I give to my said wife, full power to make and complete such sale or sales, the proceeds, to be at once invested in some good security and become part of my estate; my wife nevertheless to enjoy the income from the same during her natural life. PROVIDED: that if it shall become necessary for the support of my said wife and children then my said wife may in her discretion retain a sufficient amount out of such principal for that purpose."

On April 18, 1899, the defendant executed a deed purporting to convey to the plaintiff a portion of the said real estate devised to her for life, namely, a portion of the tract bounded on three sides by King, Piikoi and Young Streets in Honolulu. There being some doubt as to the formalities of the deed, she executed another and more carefully drawn deed of the same land to the same party on October 25, 1902.

Four questions are propounded, in substance as follows: (1) Did the plaintiff acquire a fee simple title under either deed; (2) Was it necessary to apply to a court of equity for an order of sale; (3) was it necessary to set forth in the deed the facts of the

necessity or advisability of selling; and (4) was the defendant sole judge of such necessity or advisability? It is agreed that the judgment may be entered for the defendant if the plaintiff has a clear fee simple title, otherwise for the plaintiff.

The will clearly confers upon the life ·tenant the power to sell in fee simple, and the second deed is clearly in form a sufficient execution of that power. Assuming then that the testator had a good title in fee as agreed in the submission, the plaintiff received a good title in fee, unless the exercise of the power was dependant upon a condition which has not happened. There was no need of an order of sale in equity, nor was it necessary to set forth in the deed any facts to show the necessity or advisability of the sale. The questions of importance are whether the power could be exercised only upon certain conditions and, if so, whether those conditions have happened, or, since the only conditions mentioned in the will are the "necessity" and "advisability" of the sale, whether the defendant was sole judge of such necessity or advisability. If she was not, then the remaindermen might have the sale set aside provided they could prove that the sale was not necessary or advisable.

What was the intention of the testator—as gathered from the whole will? If the exercise of the power were conditioned simply upon its necessity for the support and maintenance of the life tenant, its validity might depend upon the existence of such necessity in fact, and the life tenant might not be the sole judge of that fact. But here the condition is not of that kind. The sale may be made if "circumstances" of any sort make it necessary or "advisable." This last word imports discretion. Again, a more liberal construction in favor of the exercise of the power should be given where, as here, the sale would not cut off the remaindermen but would merely change the form of the investment. The same is true also where, as here, the life tenant may under circumstances use a portion of the principal. It is evident also that the testator had complete confidence in the life tenant and intended to leave much to her discretion. She was the first object of his bounty. He appointed her sole ex-

ecutrix without bonds. He also said: "All matters concerning the welfare and interests of my said four children I leave entirely to the judgment and discretion of my said wife, feeling perfect confidence that she will act justly and wisely." In our opinion, considering the whole will, it was the testator's intention to make the defendant sole judge as to the advisability of selling. All that would be required of her would be that she should act in good faith—as to which no question is raised here. We have not seen any decided case precisely like this as respects the language of the will. But these principles have often been applied. See *Crozier v. Hoyt*, 97 Ill. 23; *Hall v. Preble*, 68 Me. 100.

Judgment for the defendant.

Plaintiff in person.

*W. A. Whiting* for defendant.