**HERRON v JONES et**

Ohio Appeals, 4th Dist, Athens Co

Decided August 8, 1936

Woolley & Rowland, Athens, for plaintiff in error.

Jones, Jones & Erskine, Athens, for Rogers J. Jones, executor, defendant in error.

Wilby G. Hyde, Chillicothe, for Belle Allison Sears et al., defendants in error.

By BLOSSER, J.

Roger J. Jones, as executor of the last will and testament of Almira Baker, deceased, filed his petition and supplemental petition in the Court of Common Pleas asking for a construction of certain parts of the will of his decedent and also of the will of Nathan W. Baker, deceased. After making certain unimportant provisions the pertinent parts of the will of Nathan W. Baker are as follows:

"Third. I give, devise and bequeath all of my property, both real and personal, to my said wife for and during her natural life. But in case she shall deem it to her best interest so to do she is authorized to sell my said real estate and deed or deeds therefor to purchasers to make, execute and deliver.

"Fourth. At the death of my wife I direct that all of my estate then remaining be divided as follows: One-third to the next of kin of my said wife, or such of them as she may designate by will."

Almira Baker was the wife of Nathan W. Baker and the pertinent parts of her will are as follows:

"Item First. I give to my friend, Gene Lewis * * * the sum of five hundred dollars for the kindness and care shown me during the time we were neighbors. Said sum of $500 is to be paid out of my estate first.

"Item Second. I give to my nephew, Clifford Herron * * * the sum of sixteen hundred dollars. Said sum of $1600 is to be paid out of my estate second.

"Item Third. I give to my niece, Belle Sears * * * the sum of fourteen hundred dollars. Said sum of $1400 is to be paid out of my estate next.

"Item Fourth. I give to my nephew, William Allison * * * the sum of two hundred dollars. Said sum of $200 is to be paid out of my estate next.

"Item Fifth. I give to my niece, Ida Allison * * * the sum of two hundred dollars. Said sum of $200 is to be paid out of my estate next. * * *

"Item Eighth. The remainder, if any, of my estate after the payment of the sums mentioned in the foregoing seven items of this will, and costs and expenses of administration, I give to my said nephew Clifford Herron."

The sixth and seventh items dispose of three rocking chairs and a picture.

Certain real estate owned by Nathan W. Baker at the time of his death remained undisposed of by Almira Baker by deed at the time of her death. The estate of Almira Baker consisted of personal assets of $262.95. The case was submitted in the Court of Common Pleas upon the petition, and supplement thereto and a judgment was entered finding that Almira Baker did not in her will exercise the power conferred upon her by the will of Nathan W. Baker to designate her next of kin to receive the one-third balance remaining unexpended of his estate. Clifford Herron thereupon prosecuted error to this court.

The first question presented for determination is the nature of the estate which Almira took under the will ▮▮▮▮▮▮▮ of Nathan W. Baker. Under the authority of **Tax Commission v Oswald, 109 Oh St 36, 141 N E, 673**, it is clear that she took a life estate, coupled with the power to sell and convey by deed and also a limited testamentary power of disposition.

The second question presented for determination is whether Almira Baker in her will exercised the limited testamentary power of disposition conferred upon her by the will of Nathan W. Baker. An interesting discussion of the general rule of law on this subject and its ▮▮▮▮▮▮ development is set forth in 21 Ruling Case Law, 795 and 91 A. L. R., 433, note. The rule in Ohio is the same as that set forth in the authorities mentioned (32 O. Jur. 125) and is announced in the case of **Kiplinger v Armstrong, 34 Oh Ap 348, 8 Abs 286, 171 NE 245**, as follows:

"An intention to exercise a testamentary power of disposition may be shown by (a) referring to the power in the will; (b) making a specific disposition of the subject-matter of the power; or (c) by showing that the will will not have any operation except as an execution of the power."

The will of Almira Baker makes no reference to the power conferred upon her. Neither did it make a specific disposition of the subject-matter of the power because that part of the estate of Nathan W. Baker remaining undisposed of at the time of her death consisted of real estate and she made bequests of money. The bequest of five hundred dollars to a stranger and the direction it be first paid out of her estate and the language used in making the other bequests are wholly inconsistent with any theory that she might have had in mind the exercise of that power. It is clear that she did not exercise the limited power of testamentary disposition conferred upon her in the manner set forth in either of the first two methods prescribed by the rule for exercising such power.

The only remaining way in which it could be held that Almira Baker exercised the limited power of testamentary disposition is "by showing that the will will not have any operation except as an execution of the power." No such showing has been made or could be made under the facts in this case. The terms and conditions of her will are fully operative on the estate of which she died siezed and the mere fact that such estate is not of sufficient value to pay all of the bequests made therein does not render the terms of the will inoperative. The will is operative as a disposition of her estate so far as that estate will go toward the payment of the several bequests. The fact that she might have misjudged the value of her estate does not render the terms of her will inoperative.

The record shows the value of the estate of Almira Baker was $262.95 but it does not show the value of the real estate in question. It is only by going outside of the record that it can be ascertained that the net proceeds of one third of the real estate remaining for distribution is about $800. The relative values of the two funds has no bearing whatever on the question of the exercise of the power in question.

But one conclusion can be arrived at when the rule quoted is applied to the language of the will of Almira Baker and the facts presented in the petition and supplement thereto, and that is that Almira Baker did not exercise the limited power of testamentary disposition conferred upon her by the will of Nathan W. Baker.

Judgment affirmed.

MIDDLETON, PJ, and McCURDY, J, concur.