CHARLES S. HURLOCK and FLORENCE A. HURLOCK,

*vs.*

JOHN A. BADER.

*New Castle, October 12, 1942.*

*David J. Reinhardt, Jr.,* for complainants.

*Clair J. Killoran,* for respondent.

THE VICE-CHANCELLOR: Respondent has declined to accept a deed of conveyance tendered him by complainants, and has refused to pay the balance of the purchase price of the two lots concerned in the contract of sale between the parties. He justifies his refusal on the asserted ground that complainants are unable to convey the lots to him in fee simple, as called for by the contract. He contends that the deed of Helen J. G. Reilly to complainant Charles S. Hurlock, which is the source of any interest complainants may have in the lots, was ineffectual to vest in Hurlock a fee simple title. Whether Mr. Hurlock's title is good depends upon whether Mrs. Reilly, by her deed to him, exercised a power of sale created by the will of her father, John A. Griffin.

John A. Griffin was seized in fee of certain tracts of land, which included the lots here in question. By his will, probated in 1902, he gave the net income from his "estate or property" to his three children, Frederic, Annie, and Helen J. G. Reilly, in equal shares (subject to certain conditions not here important) and to the survivors or survivor of them. He directed that upon the death of his last surviving child, his property should be divided "between the children the lawful heirs of my aforesaid children". He created a power of sale in the following language:

"* * * my aforesaid children that are alive after I die are hereby authorized and empowered to sell and convey and transfer any part or all of my aforesaid estate or property at private or public sale at any time after all of my aforesaid children that are alive at the time have given their consent in writing that such a sale should be made and if any or all of my aforesaid estate or property is sold then the net proceeds of said sale to be invested in a way and manner that is satisfactory to all of my aforesaid children that are alive at the time and after any of said estate or property is sold, and that all the dividends, interest, rents and net income derived from said investments to be divided between my aforesaid children as heretofore stated and directed."

Two of the testator's children, Frederic and Annie, died in 1905. On September 27, 1922, his last surviving child, Helen J. G. Reilly, executed the deed previously mentioned as the source of complainants' title. It is in the form of a deed of bargain and sale, by which Mrs. Reilly, as grantor, purported to convey in fee simple to Mr. Hurlock, the tracts of land which John A. Griffin had owned at the time of his decease. The consideration for the conveyance approximated the value of an estate in fee simple in the lands. The deed contains a general warranty of the grantor. No mention is made of the power of sale under the will, nor that the deed is in execution of a power. In the recital of the deed are several erroneous statements, the most important being a mistaken description of the provisions and legal effect of Griffin's will. The recital reads thus:

"Being the same lands and premises as to Lots Nos. 1 and 2 which were conveyed, set apart and assigned unto one John A. Griffin by virtue of sale by the Orphans' Court, * * *. And as to lot No. 3 being the same lands and premises which were conveyed unto the said John A. Griffin in fee simple by deed of Indenture of one William White, * * *. The said John A. Griffin died on or about the seventh day of September, A. D. 1902, and left a Will, which lies of record in the office of Register of Wills in Wilmington, in Will Record P, in said Will the said John A. Griffin left his property to his wife for life, and at her death to his said children. The wife of the said John A. Griffin died on or about the —— day of ——— A. D.

"The children of the said John A. Griffin were Frederick H. Griffin, who died unmarried and intestate on the first day of January, A. D. 1905; Annie H. Griffin, who died unmarried and intestate, on the first day of March, A. D. 1905; and Helen J. Griffin, who married one General James W. Reilly. The said husband, General James W. Reilly, died on the twenty-third day of July, A. D. 1910, leaving his widow, Helen J. G. Reilly, the only surviving child of the said John A. Griffin deceased. The said Helen J. C. [sic] Reilly, under the Will of her father, the said John A. Griffin, thus became seized in fee simple of the above lands and tenements."

Complainants contend, and respondent denies, that Mrs. Reilly, by her deed, exercised the power of sale contained in her father's will. In order that an act of the donee of a

power may be deemed an exercise of the power, it must affirmatively appear that the donee intended to exercise it; but such intention need not be made manifest in any given way. *Lane v. Lane,* 4 *Pennewill* 368, 55 *A.* 184, 64 *L. R. A.* 849, 103 *Am. St. Rep.* 122; *Wilmington Trust Co., et al., v. Grier, et al.,* 19 *Del. Ch.* 34, 161 *A.* 921. Complainants find an intent on the part of Mrs. Reilly to execute the power, from the circumstances that the land described in her deed was the subject of the power, and that the deed "would be ineffectual to convey the fee, purported to be conveyed, except as an execution of the power." Respondent necessarily concedes that, in the Delaware cases, like circumstances are stated to be sufficient to evidence the required intent. However, he urges that no such inference as to intent may be drawn where, as here, other facts show that the donee did not intend to exercise the power. Continuing, respondent says that, in view of the recital, it is clear that Mrs. Reilly "had no intent to execute any power of sale for she was under the impression that she owned the lands in question in her own right and it was in that capacity only that she executed the deed." A donee's intent to execute a power, otherwise disclosed, is not negatived by the mere fact that he refers to the subject of the power as his own individual property. *Wilmington Trust Co., et al., v. Grier, et al., supra; Cathell, Ex'r., v. Burris, et al.,* 21 *Del. Ch.* 233, 187 *A.* 9, *Security T. & S. D. Co. v. Ward,* 10 *Del. Ch.* 408, 93 *A.* 385. Compare: 3 *Restatement of the Law of Property,* § 342 *and Comment a.* Hence, it is not determinative of Mrs. Reilly's intent, that she considered her rights of dominion and control over the property to be individual ownership rather than a power to convey.

The case of *Rice v. Park,* 223 *Ala.* 317, 135 *So.* 472, relied on by respondent, does not seem to conflict with this conclusion. There, the court found from a course of conduct of the donee over a period of years, that his attempted trans-

fer was inconsistent with an exercise of the power and clearly disclosed that he did not intend to exercise it.

Respondent further contends that since Mrs. Reilly had a life interest in the land, in addition to the power of sale, the deed to Mr. Hurlock should be deemed to convey only her interest, and not to exercise the power. Where a person is the donee of a power to convey an estate in fee simple, and also has some lesser estate or interest in the subject of the power, his attempted conveyance of the fee, although there be no reference to the power, is regarded as an execution of the power in order to carry out his apparent intent to do what the power alone permits. *Reeside v. Annex Bldg. Ass'n.*, 165 *Md.* 200, 167 *A.* 72, 91 *A. L. R.* 426; *Board of Home Missions v. Saltmer*, 125 *N. J. Eq.* 33, 4 *A.* 2d 69; 49 *C. J.* 1293, 1294; 3 *Restatement of the Law of Property*, § 342, *Comment c and Illustrations; annotations*: 91 *A. L. R.* 433, 472; 127 *A. L. R.* 248, 262.

Mrs. Reilly unequivocally manifested an intent to convey the lands to Mr. Hurlock in fee simple, not merely an estate for her life. This is evidenced by the language of the grant, the habendum clause, the general warranty, and the amount of the consideration. Respondent concedes this, and further, that the provisions of her father's will were such as to enable her to do the very thing she intended and attempted to accomplish by the deed. The statement in the recital that the lands had been the property of her father, and the specific mention of her father's will, justify an inference that she recognized that she was able to do the ultimate act attempted (i. e., convey in fee simple) by virtue of the provisions of the will. Thus, she not only referred to the source of her rights, to make the conveyance, and to the subject of the power, but the deed would be ineffectual to carry out the intent to convey the fee simple estate, except as an execution of the power. It follows that the power was exercised, and that respondent's objections to complainants' title are unfounded. See authorities cited above and

also *Mahoney v. Manning*, 133 *Ga.* 784, 66 *S.E.* 1082. Complainants may require that the contract be specifically performed.

A decree accordingly will be advised.