David WILSON

v.

Elizabeth CHADBOURNE.

Supreme Judicial Court of Maine.

Dec. 21, 1978.

Daniel J. Murphy, Lewiston (orally), for plaintiff.

Vafiades, Brountas & Kominsky by Susan R. Kominsky (orally), Marvin H. Glazier, Bangor, for defendant.

Before McKUSICK, C. J., and POMEROY, ARCHIBALD, DELAHANTY and GODFREY, JJ.

Silsby & Silsby by Raymond L. Williams, Ellsworth (orally), for plaintiff.

Jerome B. Goldsmith, Bangor (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

McKUSICK, Chief Justice.

The opposing parties in this real estate controversy are the remainderman (plaintiff David Wilson) under the will of the late George M. Wilson and the grantee (defendant Elizabeth Chadbourne) from the life tenant under the will who was also given a power of sale. After an evidentiary hearing the Superior Court gave judgment for defendant, rejecting the remainderman plaintiff's claim that the life tenant's deed to defendant did not validly and effectively convey a fee simple interest in the subject real estate so as to cut off the remainderman's rights. We now deny the remainderman's appeal.

By his will, George M. Wilson (plaintiff David Wilson's father) devised all of his real estate to his wife, David's stepmother, Irene Wilson, "for and during her natural life," with the remainder [1] to his son David, plaintiff in this action. By codicil, the father also gave his wife Irene a power of sale over any and all of his real estate, as follows:

> "I further direct that the said IRENE WILSON shall have the absolute power and authority to sell any part or all of said real estate during her lifetime and the proceeds from said sale or sales shall be hers absolutely. Any said sale by the

---

1. Subject to a condition not here relevant.

said IRENE M. WILSON shall convey to the purchaser a fee simple interest in said real estate or any part thereof and as fully and completely as I could do if living."

On June 4, 1977, after the testator's death, the life tenant executed and delivered to defendant Chadbourne a quitclaim deed of the usual form, with personal covenant and purporting to convey a fee simple in two parcels of real estate specifically described by metes and bounds. Those parcels had passed under the testator's devise. The deed made no express mention of the grantor's power of sale or otherwise of George M. Wilson's will, although as references to source of title it did specify deeds to George M. Wilson from third parties. At trial below the grantee defendant testified that the life tenant had transferred the real estate to her in exchange for her promise "to take care of her and keep her as long as she lived." Three days after the disputed conveyance, the life tenant died. She was 62.

▇▇▇ The remainderman plaintiff first contends that the conveyance was a disguised gift and therefore was not a "sale" which the life tenant was authorized to make under the power of sale given her by the testator. The trial justice found, however, that the life tenant received "sufficient consideration" in return for the real estate, that is, that it was not a donative transfer. Although the grantee, Mrs. Chadbourne, at least once on cross-examination accepted the word "gift" to characterize the life tenant's action, she consistently testified that the life tenant "had said she would give the house to anybody that agreed to take care of her and provide her with a place to live" and that she "used [the real estate] as a payment for me taking care of her." On this record the Superior Court justice had adequate evidentiary support to find that the quitclaim deed was given in payment for a bargained-for purchase of services. Our review of the factual findings that we must assume underlie the justice's conclusion[2] are tested by the "clearly erroneous" rule. M.R.Civ.P. 52(a). The justice heard the witnesses testify before him in person, whereas we have their testimony before us only as recorded in the cold written transcript. On this record the justice's factual findings easily withstand any attack that uses the deferential standard required to be applied by us on appellate review. There is no clear error here.

The record does contain some evidence suggesting that other transfers by the life tenant to defendant, who was her niece, may have been gifts; and plaintiff made a limited attempt at trial to show that the life tenant's condition on June 4, 1977 was so poor that her imminent death must have been foreseen. Considering the whole record, however, the mere existence of conflicting evidence does not justify our declaring that the trial justice clearly erred when he concluded that plaintiff remainderman had not carried his burden of proof. The grantee defendant received real estate estimated to have a fair market value of about $30,000 in exchange for a commitment to care for the life tenant for her remaining lifetime. Her remaining lifetime, it turned out, was only a few days, but we cannot say that the trial justice was clearly erroneous in finding on this record that from aught the bargaining parties knew on June 4, 1977, the life tenant would live long enough to require from her grantee a scope of performance fully commensurate with the value of the real estate.

▇▇▇ Secondly, the remainderman plaintiff argues that even if the conveyance was not a donative transfer, it was not a "sale" within the intendment of the codicil's power of sale because no monetary proceeds were realized. But property may be "sold"

---

**2.** Neither party made a request pursuant to M.R.Civ.P. 52(a) for findings of fact. On appeal, therefore, we must proceed on the assumption that the trial justice found all the facts necessary to support his decision in favor of the validity and effectiveness of the deed.

*Cobb v. Cougle*, Me., 351 A.2d 110, 111 n. 1 (1976); *Gay v. Gay's Super Markets, Inc.*, Me., 343 A.2d 577, 579 (1975); *Blue Rock Industries v. Raymond International, Inc.*, Me., 325 A.2d 66, 73 (1974).

for services or property and need not be "sold" for cash. The term "proceeds" is not narrowly confined to legal tender. *See Birmingham v. Lesan*, 77 Me. 494, 497, 1 A. 151, 152 (1885). The codicil provided that any conveyance of a fee simple interest by the exercise of the power of sale was to be just as effective as any conveyance of a fee the testator might have made during his lifetime. Since the testator could have exchanged the real estate for lifetime care, the life tenant's power could also be exercised in that fashion. Furthermore, the testator directed that "the proceeds from said sale or sales shall be [the life tenant's] absolutely." From that language, it is reasonable to conclude that the testator left the choice of the *form* of the proceeds, which were to be hers absolutely, to his widow's discretion. Since if she sold the real estate for cash, she had the absolute right to transfer the cash to anyone in exchange for lifetime care, she must be held to have the right to telescope her two steps into a single one.[3]

■ Thirdly, plaintiff remainderman contends that the fact that the life tenant used a quitclaim deed, coupled with the fact that the deed contained no reference to the grantor's power of sale, renders the conveyance ineffective to convey more than the grantor's life interest. A similar contention was rejected long ago in *Hall v. Preble*, 68 Me. 100 (1878). "It is not necessary that there should be an express declaration in the deed that it is made in execution of the power," declared the *Hall* court. *Id.* at 102.

However much prudent conveyancing would suggest including an express declaration, "[i]t is sufficient if the deed purports to convey a fee."[4] *Id.* In the case at bar the deed conveyed not "my life interest in" the real estate described by metes and bounds, but rather "*all* my *right* title and interest in and to" that specifically described real estate. (Emphasis added) The deed contained the words of inheritance, "unto the said Elizabeth M. Chadbourne, *her heirs* and assigns forever"; a corresponding habendum clause; and the grantor's personal covenant to defend the real estate described by metes and bounds against the claims of "all persons claiming by, through, or under me." These circumstances constitute objective evidence of the grantor's intent to convey a fee simple interest in that specifically described real estate.

The life tenant's use of a quitclaim deed does not raise any inference that she meant to grant defendant merely an estate *pur autre vie*. Such an inference is barred by 33 M.R.S.A. § 161 (1964), which provides in part: "A deed of release or quitclaim of the usual form conveys *[an] estate which the grantor* has and *can convey* by a deed of any other form." (Emphasis added) *See also Patterson v. Snell*, 67 Me. 559, 561 (1877). The quitclaim deed conveying the real estate by specific description and without any limitation to her life estate demonstrates prima facie the grantor's intent to convey the fee simple interest that she had the full right and power to convey under

---

**3.** Although a power of sale ordinarily is not construed as including a power to exchange, an exception exists where the donee of the power has the right to reinvest the proceeds of the sale. *Broaddus v. Centers*, 116 S.W. 742, 742 (Ky.1909); *Mayer v. McCune*, 59 How.Pr. 78, 81–82 (N.Y.Ct.Comm.Pl.1880); *Restatement (Second) of Trusts* § 190, Comment m; 3 *American Law of Property* § 14.28 (A. J. Casner ed. 1952). The testamentary provision in the case at bar falls within the exception to the rule.

**4.** To support a valid exercise of a power of sale, it must affirmatively appear that the donee of the power intended to exercise it. A reference to the power in the text of the deed is one way, but by no means the only way, in which that intent may be manifested. *See generally*

*Blagge v. Miles*, 3 Fed.Cas. 559 (C.C.D.Mass. 1841) (No. 1,479) (Story, J.). In the case at bar, the deed given by the donee of the power purported to convey a fee simple. "Where a person is the donee of a power to convey an estate in fee simple, and also has some lesser estate or interest in the subject of the power, his attempted conveyance of the fee, although there be no reference to the power, is regarded as an execution of the power in order to carry out his apparent intent to do what the power alone permits." *Hurlock v. Bader*, 26 Del.Ch. 328, 28 A.2d 465, 467 (1942). *See Reeside v. Annex Bldg. Ass'n*, 165 Md. 200, 167 A. 72 (1933); *Herron v. Jones*, 55 Ohio App. 274, 9 N.E.2d 703 (1936); 3 *American Law of Property* § 12.81 (A. J. Casner ed. 1952).

her late husband's devise. *See Hall v. Preble, supra* at 103; *Ladd v. Chase*, 155 Mass. 417, 29 N.E. 637 (1892).

On appeal the remainderman plaintiff has shown no reversible error in the Superior Court's judgment refusing to set aside the life tenant's conveyance of the disputed real estate in fee simple to defendant Chadbourne, and we can find none.

The entry must be:

Appeal denied.

Judgment affirmed.

NICHOLS, J., did not sit.