## Pioneer Credit Corp. v. Lorenzo Morency et al

[ 177 A.2d 368 ]

November Term, 1961

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed January 2, 1962

*Fitts & Olson* for the plaintiff.

*Kristensen & Cummings* for the defendants.

**Hulburd, C. J.** The plaintiff is seeking to recover an alleged deficiency due under a conditional sale contract following its foreclosure at private sale. The trial court denied recovery below because

no public sale was had agreeably to the Vermont statute. From the judgment entered for the defendant, the plaintiff comes here with its appeal.

The defendants, in May 1956, purchased a house trailer under a conditional sale contract from the Dean Trailer Agency of Cheshire, Massachusetts. At this time, the defendants were residing in West-field, Massachusetts. The defendant, Lorenzo Morency, is a construction worker. Following the purchase of the trailer, the defendants continued to live in Westfield for about a year, and thereafter they lived, at times, in Waterbury, Vermont, Concord, New Hampshire, and St. Johnsbury, Vermont. During all this time, the defendants owned a home in St. Johnsbury which they occupied from time to time. While there in March 1958, they became in default under their conditional sale agreement. By this time, the plaintiff had replaced the original seller of the trailer through an assignment to it of the conditional sale agreement. With a default existing, the plaintiff had the defendants come to Great Barrington, Massachusetts, for the purpose of "refinancing" the original agreement. A new instrument was drawn and executed. The printed portion was very similar to the original agreement, but, as filled in, the purchasers were set up as residents of St. Johnsbury, Vermont where it specified the trailer was to be kept. At the time of the execution of the new agreement, however, the trailer was situated in Concord, New Hampshire. Instead of the Dean Trailer Agency as seller, there appeared the plaintiff's name as a resident corporation of Great Barrington, Massachusetts. The same trailer was described in the new agreement as in the former one, and its provisions were the same except that, by reason of re-computation, the monthly payments and other figures were changed to correspond to the new financing arrangement. There were numerous provisions common to both the old and new conditional sale agreements. Among them was one authorizing the seller, in event of a default by the purchaser, to take possession of the chattel, cause the same to be sold at private or public sale, with or without notice, and look to the purchasers for any deficiency which might result. This provision in the conditional sale agreement of March 1958 had following it a clause not found in the original agreement to the effect that it was subject to the provisions of Massachusetts General Laws (Ter. Ed.) Chapter 255, Section 13F, if applicable.

In connection with the execution of the second agreement, on April 7, 1958, the plaintiff had recorded in the town clerk's office in St. Johnsbury an instrument entitled "Vermont Lien" which purported to give notice that Lorenzo Morency of St. Johnsbury, Vermont had purchased from the Pioneer Credit Corporation on March 24, 1958, a house trailer upon which the seller had a lien for $5,752.19. A description of the trailer followed, identical with the one in the agreement itself. Although the instrument was not a copy of the conditional sale agreement and did not contain all the provisions in it, it purported to pertain to the same transaction and was signed by the defendant, Lorenzo Morency.

On July 29, 1958, the defendants were again in default under their new conditional sale agreement. This time the plaintiff sent its agent to St. Johnsbury to repossess the trailer. It was voluntarily surrendered by the defendants. The plaintiff took it to Concord, New Hampshire and sold it at private sale for a sum less than the amount due on it.

Having found the foregoing facts as we have stated them, the trial court went on to find that the agreement must be interpreted under the laws of the state of Vermont, and, since the trailer had not been sold at public auction, the plaintiff had waived its right to a deficiency judgment. In this finding or conclusion, the plaintiff claims, lies the trial court's error. The plaintiff argues, pointing to the conditional sale agreement, that "the parties themselves specifically signified their intent to be bound by the provisions of Massachusetts law in the operation of the contract." The question is, did the parties signify the intent that the plaintiff claims?

There is to be sure a reference to Massachusetts law, but there is no outright statement that the parties agree that Massachusetts law is to be controlling. In fact, it is stated, following the reference to Massachusetts law, that this law is to govern "if applicable." It is to be remembered that the plaintiff's principal place of business was in Massachusetts, and the printed-form contract was undoubtedly drawn up primarily to be used in that state. Thus the provision clearly indicates that the parties contemplated law other than that of Massachusetts to be controlling when operation and performance moved outside the state of Massachusetts. Such an intent is emphasized by a further provision in the agreement which reads as follows: "Any part of this

contract contrary to the law of any State where used shall not invalidate other parts of this contract in that State."

If there were any need to confirm the intention of the parties as we have gathered it, it is to be found in the fact that the plaintiff, itself, denominated its interest as a "Vermont Lien" and filed an instrument so stating at the town clerk's office in St. Johnsbury, Vermont, the residence of the defendants and the place where by the terms of the conditional sale agreement the trailer was to be kept.

■ Under the circumstances, we think the trial court was justified in finding that Vermont law governed the rights of the parties in the matter before it and that in so doing it was in accord with the general rule that where the contract contemplates that the property is to be used in another state, the place of performance or beneficial operation of a conditional sale contract is controlling so that the laws of such state govern the validity, construction and effect of the contract. *Boston Law Book Co.* v. *Hathorn,* 119 Vt. 416, 424, 127 A.2d 120. 78 C.J.S. Sales §568b. Certainly it cannot be said that the contract manifests an intention of the parties that the law of the state where the contract was made should govern so that the court was bound by it.

■ Under Vermont law the method of foreclosure specified by the statute (9 V.S.A. §1694) is the exclusive method of foreclosure. *Blake Chevrolet Co., Inc.* v. *Emerson,* 120 Vt. 3, 132 A.2d 161. The fact that the conditional sale agreement may provide for a private sale without the intervention of a public officer does not alter the situation. *Vt. Acceptance Corp.* v. *Wiltshire,* 103 Vt. 219, 224, 153 Atl. 199, 73 A.L.R. 792. Without a public sale being had in compliance with the statute, no deficiency could be established. No error appears in the trial court's finding that the plaintiff has waived its right to a deficiency judgment.

*Judgment affirmed.*