## General Acceptance Corporation

### v.

### William Lyons

[215 A.2d 513]

October Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J.J.**

Opinion Filed December 7, 1965

*John A. Burgess* for plaintiff.

*Samuel C. Fitzpatrick* for defendant.

**Keyser, J.** Plaintiff seeks to recover the amount due as a result of a claimed deficiency judgment. Trial was by court which dismissed the action on its findings of fact. By its appeal plaintiff claims error by the court in finding that "Plaintiff has not complied with the provisions of 9 V.S.A. Sec. 1694 et seq." These statutes prescribe the procedure which must be followed in the foreclosure of conditional vendor's liens.

The issue for resolution is whether the law of Georgia or that of Vermont is applicable and governs the rights of the parties.

On June 22, 1961, the defendant, a resident of Vermont, entered into a conditional sales contract for a Chris Craft boat with Champlain Marine Company, Inc., a Vermont corporation of Colchester, Vermont. The contract stated the home port and place of winter storage of the boat was Malletts Bay, Vermont.

Champlain Marine on June 23, 1961, assigned this contract to New England Marine Finance Company, Inc., a foreign corporation not doing business in Vermont or registered to do business in this state. New England Marine Finance Company, Inc., at a later time became General Acceptance Corporation Marine Finance which succeeded to the assigned rights in the conditional sales contract. This corporation is either a totally owned subsidiary of plaintiff, General Acceptance Corporation, or assigned its rights in the contract to the plaintiff.

The plaintiff is a foreign corporation and has not qualified to do business in Vermont or registered to do so. Contrary to this finding plaintiff specifies in its writ that it is authorized to do business in Vermont.

At the time of purchase defendant notified the seller of his intention to use the boat for charter work on the high seas, whereupon the seller gave an implied warranty that the boat was fit for such purpose as set forth in 9 V.S.A. § 1515 (1).

In November 1961, the defendant set out with the boat for Florida with a hired pilot. Off Savannah, Georgia, the boat came apart and proved to be unseaworthy resulting in defendant putting the boat into a boat yard in Isle of Hope, Savannah.

On November 5, 1962, while the boat was still at the boat yard, New England Marine Finance Company, Inc. sent a letter to defendant at his home in Northfield Falls, Vermont, notifying him that the Chris Craft boat had been repossessed and stated:

"Under the laws of the State of Vermont you have 15 days in which you may redeem the above described merchandise upon payment in cash to New England Marine Finance Co., Inc. 330 Stuart St., Boston, Mass. of the entire balance due namely $13,332.28."

Subsequently defendant was notified that the boat would be offered for public sale by the New England Marine Finance Company but there is no evidence that defendant was informed of the date and place of sale. The boat was sold in Chatham County, Georgia on

January 11, 1963 by the sheriff of city court. On January 21, 1963 the above finance company sent defendant a letter stating: "Your boat has been sold in accordance with the provisions of the law of your State." Defendant was requested to pay "the amount still due and owing us by you" of $4510.38.

The suit is brought in common counts with specifications which state that plaintiff will attempt to recover only the amount of $4957.49. This amount is claimed due as a result of a deficiency judgment entered by the city court of the City of Savannah, Georgia, on January 11, 1963. The court below was unable to conclude that this action was brought on a judgment of a court of record of Georgia.

The trial court found that plaintiff chose Vermont for its forum and stated to defendant by its letter of November 5, 1962 that the laws of Vermont apply to the contract. There was no evidence that the sale of the boat in Georgia did comply with Vermont statutes, 9 V.S.A. § 1694 et seq.

The contract contains no indication that the law of any state other than Vermont law is to be applied. Where the contract contains no explicit provision that it is to be governed by some particular law, the courts determine the law which the parties presumably intended to be controlling. In "applying this intention test, what the courts seem to do is to examine all the points of contact which the transaction has with the two or more jurisdictions involved, with a view to determining the 'center of gravity' of the contract, or of the aspect of the contract immediately before the Court; and when they have identified the jurisdiction with which the matter at hand is predominantly or most intimately concerned, they conclude that this is the proper law of the contract which the parties presumably had in view at the time of contracting." *Jansson* v. *Swedish American Line,* (C.C.A. 1st) 185 F.2d 212, 218, 219; *Boston Law Book* v. *Hathorn,* 119 Vt. 416, 423, 127 A.2d 120.

The contract was made in and between residents of Vermont. The home port and winter storage of the boat was stated therein to be in Vermont. Paragraph 5 of terms and conditions in fine print on the reverse side of the contract provides, in case of default, for the collection of the amount due, and for repossession and sale. The contract is wholly silent as to the forum wherein such action shall be taken.

The statements of the finance company in its letter of November 5, 1962 indisputably established its intention that the laws of Vermont

shall apply to the contract and to its sale of the boat after repossession as provided in 9 V.S.A. §§ 1694, 1695. Furthermore this intention is again confirmed by its letter of January 21, 1963 to defendant stating that the boat was sold "in accordance with the provisions of the laws of your State."

*Restatement, Conflicts of Laws, Second Draft* (Tentative Draft No. 6, 1960) section 332a states:

*"Law Chosen by the Parties*

(1) The validity of a contract is determined by the law chosen by the parties for this purpose, . . . . .

(2) In the absence of a contrary indication of intention, the reference is to the local law of the chosen state."

The plaintiff did not plead or prove the law of Georgia. Nor did it make reference at any time in this proceeding to the law of Georgia. "Foreign law is a question of fact and must be proved as such." *Avery* v. *Bender,* 119 Vt. 313, 325, 126 A.2d 99. In the absence of a showing to the contrary, the law of Georgia is presumed to be the same as the law of Vermont. *State* v. *Morrill,* 68 Vt. 60, 63, 54 Am. St. Rep. 870. Under these circumstances, the plaintiff further manifested its intention that the law of this state was to govern the validity, construction and effect of the contract.

There is nothing in the record to indicate that the parties to the contract ever intended or agreed that the law of the forum was meant to be transitory depending on the location of the boat and not in Vermont. This state is where the contract was made and the boat was situated and delivered. Vermont is where the parties thereto were resident and the place where by its terms the boat was to be kept.

Such intention is further confirmed by the provision in the contract reading: "Any provisions of this agreement prohibited by the law of any state shall be ineffective in such state to the extent of such prohibition but shall not invalidate the remaining provisions of this agreement in that state." This provision is a strong indication that the parties contemplated that the law of the state where the contract was entered into was to control.

Examination of all of the facts shown by the evidence with relation to the intention test decisively points to but one conclusion, that the "center of gravity of the contract" and "the jurisdiction with which the matter at hand is predominantly or most intimately con-

cerned" is Vermont and not Georgia. Not only do all of the actions taken contemplate that Vermont law applied but also the plaintiff at all stages of its dealings with defendant asserted, and committed itself to, Vermont law. It cannot escape the consequence of its own actions.

Vermont statute, 9 V.S.A. § 1694, provides the exclusive method for the foreclosure of conditional vendor's liens. The trial court found: "There is no evidence that the sale of the boat in Georgia complied with the provisions of 9 V.S.A. 1694 et seq." There being no compliance with the statute, no deficiency judgment was, or could be, established by the plaintiff. *Pioneer Credit Corp.* v. *Morency*, 122 Vt. 463, 466, 177 A.2d 368.

Moreover, the boat was repossessed on or just before November 5, 1962. The sale took place on January 21, 1963. This being more than sixty days after repossession of the boat, any deficiency was waived. 9 V.S.A. § 1695.

In view of the findings and our holding that Vermont law governs the rights of the parties, there is no error. The evidence supports the findings and the findings support the judgment dismissing the plaintiff's action with prejudice.

*Judgment affirmed.*