### Elaine E. Condit v. Edward M. Condit

[413 A.2d 803]

No. 195-78

Present: Barney, C.J., Daley and Hill, JJ., Smith, J. (Ret.), and Amidon, Superior Judge, Specially Assigned

Opinion Filed February 28, 1980

Motion for Reargument Denied April 8, 1980

*Harry A. Black* of *Black and Plante, Inc.*, White River Junction, for Plaintiff.

*Leslie C. Pratt* of *Paterson, Gibson & Noble,* Montpelier, and *Paul F. Douglass,* West Pawlet, for Defendant.

**Barney, C.J.** In 1971 these parties were divorced. The order provided for disposition of their personal property in conformity with a stipulation executed by the parties and filed with the court just before hearing. Within the year there was conflict, followed by proceedings to enforce the judgment order. The dispute was referred to a special master for hearing. Unfortunately, after evidentiary hearings and certain motions to reopen, the master died, requiring rehearing. Efforts to reassign the matter came to naught and, along with various motions, it eventually came on for hearing before the Windsor Superior Court.

The court made findings and determined that Edward Condit had established, by a preponderance of the evidence, that certain items conferred upon him by the order were in Elaine Condit's possession and should be delivered to him. A number of other claimed items were denied him by the court on the basis of a failure to prove their location. Mr. Condit was ordered to surrender to his former wife an article of furniture found to be in his possession. He has appealed the lower court's decision.

The parties are far from young and have two fully grown sons, married, and in professions. One son is a doctor and one is a lawyer. The dispute springs in part from Mr. Condit's claim that he based his acquiescence in the stipulation on his understanding of where certain items of personal property were located. In this respect Mr. Condit's claim seems to rest on the contention that the stipulation's distribution of property based on location rested on certain shared assumptions about location and that, where his assumptions turned out to be wrong, he is entitled to reformation of the agreement. Such reformation would require the establishment of a mutual, not a unilateral, mistake. *Granite City Cooperative Creamery Assn.* v. *B & K Cheese Co.*, 115 Vt. 408, 411, 63 A.2d 193, 195 (1949) ; *Burlington Savings Bank* v. *Rafoul,*

124 Vt. 427, 431, 209 A.2d 738, 740–41 (1965). Insofar as Mr. Condit's claim is based on his interpretation of the stipulation it must, of necessity, fail.

Mr. Condit's remaining arguments relate to the determination of the critical facts: the location of the property at the time of the order.

There were three sites. One was the Condits' home in Weston, Massachusetts. The second was a cottage in Woodstock, Vermont, called the "Hill" cottage. The third was the house of Mrs. Condit's father, Dr. Eastman, in Woodstock, which had become Mrs. Condit's on her father's death.

The stipulation gave Mrs. Condit certain specified property from the Weston and cottage properties and gave Mr. Condit all other property jointly owned by the parties located in those places. It gave Mr. Condit certain specified items from Dr. Eastman's house, and awarded the remainder of the contents to Mrs. Condit. The phraseology, when incorporated into an order, resulted in a document which, because it depends on the location of the property at the time of the order, is concededly ambiguous as to the disposition of specific pieces except for those few individually described in the document.

Mr. Condit testified at the hearing from a number of inventory lists varying in time from 1953 to November 1971. There was no list prepared as of the date of the stipulation, December 15, 1970. The evidence disclosed that some personal property had been given to one son to furnish his medical school quarters and later his marital premises. The other son, Edward, Jr., had been first leased the Weston property and later become its owner, all near the time of the divorce action. The Weston personalty was, at the time, in the house, but did not go with the sale. Meanwhile, movement of property in and out of the Hill cottage also occurred. After some seven years, the trial court was called upon to enforce compliance with the order distributing the property.

The testimony of the husband reflected his belief or understanding of the location of the items, or where they ought to have been, in terms of the order. The wife disputed some of his assumptions and professed no memory as to others. The son occupying the Weston property, who took it over when the location of things there was relevant to the stipulation, was

never called to testify. In short, the trial court did not have the benefit of much exact testimony.

■ In order for courts to resolve disputes, burdens of proof must be allocated to avoid impasse. Here the trial court put the burden on the husband to establish the entitlement he claims. This is consistent with the general rule that he who seeks relief bears the burden of proving his right to it. *Houran* v. *Preferred Accident Insurance Co.*, 109 Vt. 258, 271, 195 A. 253, 259 (1937). Contempt and enforcement proceedings are no exception to that rule. *Orr* v. *Orr*, 122 Vt. 470, 474, 177 A.2d 233, 236 (1962) (by implication).

Mr. Condit faults this approach arguing that the burden should be cast on Mrs. Condit. He bases this contention on the claim that she was possessed of superior knowledge of the location of the items in question. That claim is not sufficient to relieve him of his burden of proof. The exception shifts the burden to a party having "peculiar" means of knowledge. 9 Wigmore on Evidence § 2486 (3d ed. 1940). It is not appropriately applied in a case like this one, where the evidence in question was not uniquely within the possession of one party and where a large portion of the relevant information was apparently in the possession of an uncalled third party, the son, Edward, Jr.

The trial court's order was founded on its determination of the rights to property that had been established. This is consonant with our concern that judicial relief be based on findings supported by the evidence and not on conjecture. Mr. Condit's subjective view of his rights in this personal property is not enough to sustain the action. He cannot fulfill or transfer his burden by other than objective evidence.

The court undertook, at the petition of the husband, to enforce the order according to its terms in accordance with the evidence presented. Its decision is supportable and will not be tampered with here.

*Judgment affirmed.*