**Chittenden Trust Company v. Janet Maryanski
a/k/a Janet Cheshire**

[415 A.2d 206]

No. 242-79

Present: **Barney, C.J., Daley, Billings and Hill, JJ., and Cook,**
**District Judge, Specially Assigned**

Opinion Filed April 8, 1980

*Blum Associates, Inc.,* Burlington, for Plaintiff.

*Stephen S. Blodgett* and *Denise R. Johnson* of *Blodgett & McCarren,* Burlington, for Defendant.

**Daley, J.** This is an appeal from a deficiency judgment in favor of the plaintiff bank, as secured party. Plaintiff pleaded execution of two promissory notes, totalling $63,000, and an unpaid balance of $27,518 plus interest. Defendant admitted execution of the notes, but denied the existence of the unpaid balance. Under the heading "Affirmative Defenses," defendant pleaded, *inter alia,* that plaintiff failed to sell the collateral in a commercially reasonable manner, and that but for this failure the indebtedness would have been satisfied in full or substantially reduced.

The case was tried on the merits to the court. At the close of plaintiff's evidence, defendant moved to dismiss, V.R.C.P. 41(b)(2), and gave, as one ground for the motion, that plaintiff failed to meet its burden of showing a commercially reasonable disposition of the collateral. The court took the motion under advisement, and impliedly denied it when it issued its "Notice of Decision" in plaintiff's favor. Neither party requested findings and conclusions, and therefore judgment was entered but no findings were made. V.R.C.P. 52(a).

Defendant appeals, stating the issue as whether the plaintiff, as secured party, had the burden to prove that it disposed of the collateral in a commercially reasonable manner. 9A V.S.A. § 9—504(3). In her reply brief, defendant clarifies her position by stating that the issue is two-fold: (1) where the burden lies, and (2) whether plaintiff has introduced sufficient evidence to support a judgment in its favor. In response, by way of motion to dismiss and in its brief on the merits, plaintiff claims that by failing to request findings and conclusions defendant has limited herself to the issue of whether the judgment, based on the evidence, is clearly erroneous, and that by failing to raise or brief this issue, defendant has waived it.

■■ Findings and conclusions are desirable because they are helpful for appellate review, *Sykas* v. *Kearns*, 135 Vt. 610, 612–13, 383 A.2d 621, 623 (1978), but they "are not necessary for purposes of review," V.R.C.P. 52(a). "Even in the absence of findings, we examine the record to see whether a given result is supportable, upon the assumption that the trial court had the evidence in mind." *Quazzo* v. *Quazzo*, 136 Vt. 107, 113, 386 A.2d 638, 642 (1978); accord, *Moulton* v. *Moulton*, 134 Vt. 125, 127, 352 A.2d 680, 681 (1976). Under this standard, we assume that the trial court made all findings necessary to support the result, but these presumed findings must not be clearly erroneous. *Wilson* v. *Chadbourne*, 395 A.2d 445, 447 (Me. 1978). Furthermore, the result must be legally supportable, because the absence of findings in no way prevents this Court from addressing the appropriate questions of law. See *Bolduc* v. *Coffin*, 133 Vt. 67, 69, 329 A.2d 655, 656 (1974); *Stevens* v. *Cross Abbott Co.*, 129 Vt. 538, 543, 283 A.2d 249, 252 (1971). Accordingly, plaintiff's motion to dismiss is denied, and we proceed to the merits of the case.

■ A secured party's disposition of collateral is governed principally by Part 5 of Article 9 of Vermont's Uniform Commercial Code, found in Title 9A. Section 9—504(3) of the Code provides, in part:

Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in

> parcels and at any time and place and on any terms *but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable.*

(Emphasis added.) The section then goes on to prescribe the requirements for reasonable notification to the debtor and other secured parties, and to specify the conditions under which the secured party may buy at the sale. *Id.*

█ Section 9—504(3) places a positive duty on the secured party to act, with respect to every aspect of disposition, in a commercially reasonable manner. *Vic Hansen & Sons, Inc.* v. *Crowley,* 57 Wis. 2d 106, 113, 203 N.W.2d 728, 732, 59 A.L.R. 3d 360, 365 (1973). Although the specifics of this duty "cannot be meaningfully described except in terms of particular fact situations," II G. Gilmore, Security Interests in Personal Property § 44.5, at 1234–35 (1965), in general it means that "[t]he secured party is required to utilize his best efforts to sell the collateral for the best price and to have a reasonable regard for the debtor's interest." *First National Bank & Trust Co.* v. *Holston,* 559 P.2d 440, 444 (Okla. 1976); accord, *Vic Hansen & Sons, Inc.* v. *Crowley, supra,* 57 Wis. 2d at 111–12, 203 N.W.2d at 731, 59 A.L.R.3d at 364; II G. Gilmore, *supra,* § 44.5, at 1234; J. White & R. Summers, Handbook of the Law Under the Uniform Commercial Code § 26–9, at 981–82, § 26–11, at 987 (1972). Of course, the fact that a better price could have been obtained does not necessarily mean that the sale was not commercially reasonable, § 9—507(2); *First National Bank & Trust Co.* v. *Holston, supra,* 559 P.2d at 444–45, but the secured party must make a good faith effort to maximize the value of the collateral, *Central Budget Corp.* v. *Garrett,* 48 App. Div. 2d 825, 825, 368 N.Y.S.2d 268, 270 (1975); see § 1—203.

█ The Code fails to specify either the pleading and proof requirements or the remedy for breach of the commercial reasonableness duty. Therefore, we turn to "the principles of law and equity" to resolve these problems. § 1—103.

█ At least with respect to actions for deficiency judgments, the majority rule appears to be that the secured party has the burden of pleading and proving that any given dis-

position of collateral was commercially reasonable, and preceded by reasonable notice. See, e.g., *Herman Ford-Mercury, Inc.* v. *Betts,* 251 N.W.2d 492, 496 (Iowa 1977); *First National Bank* v. *Rose,* 188 Neb. 362, 364, 196 N.W.2d 507, 509-10 (1972); *Clark Leasing Corp.* v. *White Sands Forest Products, Inc.,* 87 N.M. 451, 454, 535 P.2d 1077, 1080 (1975); *First National Bank & Trust Co.* v. *Holston, supra,* 559 P.2d at 444; *Vic Hansen & Sons, Inc.* v. *Crowley, supra,* 57 Wis. 2d at 113, 203 N.W.2d at 732, 59 A.L.R.3d at 365; Annot., 59 A.L.R.3d 369 (1974). This rule seems sensible to us. As the New Mexico Supreme Court has pointed out:

> It is scarcely a revelation to say that a plaintiff normally has the burden of proving his case. In light of the specific requirement of § 9—504(3) as to commercial reasonableness, it seems clear that a creditor, when suing for a deficiency, should allege and prove that disposition of the collateral was conducted in compliance with that statute.

*Clark Leasing Corp.* v. *White Sands Forest Products, Inc., supra.* Since the duty falls on the secured party, it is reasonable that the secured party should be charged with proving compliance with that duty. *Vic Hansen & Sons, Inc.* v. *Crowley, supra.* This is especially true because the secured party conducts the transactions that dispose of the collateral, and therefore the facts relevant to demonstrating commercial reasonableness are peculiarly available to him. See *Condit* v. *Condit,* 138 Vt. 185, 188, 413 A.2d 803, 804 (1980); 9 Wigmore on Evidence § 2486 (3d ed. 1940).

■ To support the judgment in favor of the plaintiff, the trial court must have found that plaintiff proved specific facts which, when viewed in totality, constituted a commercially reasonable disposition of the collateral. Upon careful review of the record, however, we can find no possible construction of the evidence that would support the minimal findings necessary to reach such a conclusion. Excluding the effect of modifying evidence, and taking the evidence in the light most favorable to the prevailing party, *Green Mountain Marble Co.* v. *State Highway Board,* 130 Vt. 455, 457, 296 A.2d 198, 200 (1972), the record is as follows. Defendant signed two notes,

totalling $63,000 plus interest, which were secured by a certificate of deposit, various securities, a second mortgage on defendant's house, and the assets of defendant's restaurant. The plaintiff's principal witness testified that there was an outstanding balance on the indebtedness of $27,517.15, plus $8,403.15 interest through April 27, 1979. The witness did not know in what order the items of collateral were sold, whether they were sold by public or private sale, how much was realized on each particular item, who sold them or to whom they were sold, or what was credited to defendant's account. Furthermore, the witness did not even know whether defendant received notice of the sales, except that he felt certain that defendant was "made aware" of the sales either by notice "or through advertising." In addition, there was uncontradicted testimony by defendant that the assets of the business, two-year old equipment worth $63,000 new, was sold to the owners of the building in which defendant's restaurant had been located for only $12,000. Under any construction of this evidence, findings sufficient to support a conclusion that plaintiff carried its burden of showing a commercially reasonable disposition of collateral would be clearly erroneous. The evidence simply does not support the result reached, *Quazzo* v. *Quazzo, supra,* and therefore the result cannot stand.

Finally, we turn to the consequences of failing to prove reasonable notice and a commercially reasonable disposition of collateral. Again we adopt the majority view, which is that the secured party's duty to prove compliance with § 9—504(3) is a condition precedent to recovery of a deficiency judgment. See, e.g., *Atlas Thrift Co.* v. *Horan,* 27 Cal. App. 3d 999, 1009, 104 Cal. Rptr. 315, 321, 59 A.L.R.3d 389, 398 (1972); *Herman Ford-Mercury, Inc.* v. *Betts, supra; Union Trust Co.* v. *Hardy,* 400 A.2d 384, 387 (Me. 1979); *DeLay First National Bank & Trust Co.* v. *Jacobson Appliance Co.,* 196 Neb. 398, 402, 243 N.W.2d 745, 748 (1976); Annot., 59 A.L.R.3d 401 (1974); II G. Gilmore, *supra,* § 44.9.4, at 1264. We take this position for several reasons. First, it is in accord with prior law under the Uniform Conditional Sales Act (U.C.S.A.), both here in Vermont, *General Acceptance Corp.* v. *Lyons,* 125 Vt. 332, 336, 215 A.2d 513, 516 (1965); *Pioneer Credit Corp.* v. *Morency,* 122 Vt. 463, 466, 177 A.2d 368, 371 (1962), and in most other jurisdic-

tions, see Annot., 49 A.L.R.2d 15, § 24 (1956) ; II G. Gilmore, *supra*, § 44.9.4, at 1263. Second, since the Code, as opposed to the U.C.S.A., sets out relatively few specific requirements relating to the sale of collateral, it is not unreasonable to require strict compliance with those requirements that the drafters deemed sufficiently essential to specify. See *Bank of Gering* v. *Glover*, 192 Neb. 575, 579–80, 223 N.W.2d 56, 59 (1974); II G. Gilmore, *supra*, § 44.9.4, at 1264. Finally, it is noteworthy that the same section that allows the creditor a deficiency judgment also mandates reasonable notice and a commercially reasonable disposition of the collateral. § 9—504(2), (3); *Bank of Gering* v. *Glover, supra,* 192 Neb. at 579, 223 N.W.2d at 58.

The plaintiff has failed to prove compliance with section 9—504(3), and is therefore not entitled to a deficiency judgment.

*Judgment reversed. Judgment entered for the defendant.*