## Goss Dodge, Inc. v. Bruce Acciavatti

[464 A.2d 749]

No. 82-249

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed June 10, 1983

*Bruce Acciavatti*, pro se, Colchester, Defendant-Appellant.

**Per Curiam.** Plaintiff, Goss Dodge, Inc., brought this small

claims action to collect money allegedly owed for work performed on defendant's car. After hearing, the court found for plaintiff, and defendant filed a timely notice of appeal. We affirm.

We begin with a review of the evidence in a light most favorable to the prevailing party, while excluding the effect of all modifying evidence. *Quechee Lakes Corp.* v. *Terrosi*, 141 Vt. 547, 552, 451 A.2d 1080, 1083 (1982). On September 25, 1981, defendant brought his 1979 Dodge Omni to plaintiff to have the valve seals replaced. When the valve seals were replaced to defendant's satisfaction, he paid the $131.32 repair bill by check and drove away. Shortly thereafter, defendant experienced additional mechanical problems with his car. It was quickly established that the source of the second problem was a burnt wiring harness which needed to be replaced. Believing that the problem was caused by plaintiff's negligence, defendant stopped payment of his $131.32 check, and had his car repaired by another mechanic. Thereafter, defendant steadfastly refused to reimburse plaintiff for the previous work done, despite plaintiff's denial of any wrongdoing.

Defendant first excepts to the trial court's failure to provide findings to explain why it issued judgment against him. "V.R.C.P. 52(a) requires a trial court to make findings of fact only when they are requested by a party either on the record or in writing." *Lanphere* v. *Beede*, 141 Vt. 126, 128, 446 A.2d 340, 341 (1982). Moreover, although findings of fact and conclusions of law are preferred because of their value in appellate review, they are not always essential for purposes of review. *Chittenden Trust Co.* v. *Maryanski*, 138 Vt. 240, 243, 415 A.2d 206, 208 (1980). In the instant case, defendant never requested findings of fact. Thus, the trial court was not required to make any.

Defendant next asserts that he provided sufficient evidence of negligence on plaintiff's part to warrant a verdict in his favor. Given the absence of findings, we assume that the trial court had the evidence in mind when it made its decision. Hence, our task is to examine the record to see if the result is legally supportable and not clearly erroneous. *Lanphere* v. *Beede, supra*, 141 Vt. at 128, 446 A.2d at 341 (citing *Chitten-*

*den Trust Co.* v. *Maryanski, supra,* 138 Vt. at 243, 415 A.2d at 208).

In reviewing the record, we find the evidence as to plaintiff's negligence to be conjectural at best. In contrast, plaintiff's service manager provided credible testimony that the initial valve job was done flawlessly, and that the burnt wiring may have been attributable to a manufacturer's defect. Thus, the result reached by the trial court is supportable. Since defendant has failed to establish clear error, the judgment of the trial court is affirmed.

*Affirmed.*