**FEDERAL FINANCIAL CO. v. Georgios PAPADOPOULOS and Angelo Pananas**

[721 A.2d 501]

No. 97-348

October 27, 1998. Plaintiff Federal Fi-

nancial Co. appeals from a superior court judgment in favor of defendants Georgios Papadopoulos and Angelo Pananas in this action for a deficiency judgment. Plaintiff contends the trial court erred in ruling that: (1) plaintiff's sale of secured collateral was not commercially reasonable; and (2) the appropriate remedy was dismissal of plaintiff's action. We affirm.

As found by the trial court, the facts underlying this dispute were as follows: In November 1992, defendants borrowed $20,000 from the First National Bank of Vermont (FNB) to purchase restaurant equipment for a pizza parlor. Defendants gave FNB a note for $20,000 secured by the restaurant equipment. The terms of the loan provided that defendants would repay $400 per month with no interest for fourteen months if payments were made in a timely manner. In January 1993, the Federal Deposit Insurance Corporation (FDIC) seized FNB and took over its assets. Defendants thereupon stopped making payments on the note, claiming that they did not know to whom they should make the payments.

In April 1994, defendant Pananas bought defendant Papadopoulos's interest in the restaurant and organized it as a corporation. Both defendants, however, remained liable on the original loan. Although Papadopoulos no longer owned an interest in the restaurant, he continued to handle business operations with Pananas.

In November 1994, plaintiff purchased defendants' debt from the FDIC. In January 1995, plaintiff requested that defendants promptly repay the debt and interest totaling $21,984. Defendants did not make any payments. Accordingly, in March 1995, plaintiff notified defendants to assemble the collateral for repossession, and defendants removed the equipment from the restaurant and stored it in another portion of the building. Plaintiff then engaged Stan & Son, a company that regularly repossesses collateral restaurant equipment for banks, to pick up the

equipment. Stan & Son is also a dealer in new and used restaurant equipment, and often purchases used equipment from banks after repossession to resell at auction or at their warehouse showroom.

After Stan & Son transported the equipment to its warehouse, plaintiff inquired if it wished to make a bid. Plaintiff did not solicit any other bids or obtain information from any other source about the value of the property. Stan & Son bid $1,010 for all of the equipment. Plaintiff then notified defendants of the bid, informing them that the sale would be made unless defendants objected. When defendants raised no objection, plaintiff accepted the bid.*

Plaintiff then filed this deficiency action for $26,355.11, representing the balance due on the note plus attorney's fees and costs. The court granted summary judgment in favor of plaintiff as to defendants' liability on the note. However, following a hearing on the issue of damages, the court ruled that plaintiff's sale of the property was not commercially reasonable under 9A V.S.A. § 9-504(3), and, accordingly, dismissed the action and entered judgment in favor of defendants. This appeal followed.

Plaintiff contends the trial court erred in concluding that the sale of the equipment was not commercially reasonable. Section 9-504 of Title 9A controls the sale of secured goods after default. Subsection (3) of § 9-504 provides in part:

> Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be

---

* Although plaintiff gave notice of the sale only to counsel for defendant Papadapolous, the court found that the notice was sufficient to inform defendant Pananas, and that finding is not contested on appeal.

as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable.

Whether a sale is commercially reasonable must be determined on a case-by-case basis. See *Chittenden Trust Co. v. Maryanski*, 138 Vt. 240, 244, 415 A.2d 206, 208 (1980). The burden is on the secured party to prove that the disposition of collateral was commercially reasonable, and preceded by reasonable notice. See *id.* at 244-45, 415 A.2d at 209; *American Fin. Corp. v. DeLong*, 140 Vt. 292, 293, 437 A.2d 1100, 1101 (1981). We will affirm the trial court's findings and conclusions unless clearly erroneous. See *Maryanski*, 138 Vt. at 243, 415 A.2d at 208.

Plaintiff asserts that the trial court misapplied or overlooked a number of salient factors in concluding that the sale was not commercially reasonable. First, it asserts that the court erroneously ignored the fact that defendants were put on notice of the sale, failed to object, and therefore allegedly waived their right to challenge its commercial reasonableness. Plaintiff cites no authority to support the claim, which is clearly contrary to the requirement that the secured party establish both reasonable notice and commercial reasonableness. See *Maryanski*, 138 Vt. at 244-45, 415 A.2d at 208 ("[T]he secured party has the burden of pleading and proving that any given disposition of collateral was commercially reasonable, and preceded by reasonable notice.").

Next, plaintiff asserts that the court erroneously faulted it for selling the equipment at a private sale. Plaintiff relies on the oficial comment to § 9-504, which observes that private sales of repossessed property through commercial channels are to be encouraged when they will result in a higher realization on the collateral. See 9A V.S.A. § 9-504, cmt. 1. A

review of the court's carefully reasoned decision, however, reveals that it did not fault plaintiff's use of a private sale, but rather plaintiff's exclusive reliance on one bid from the dealer already in possession, and its failure to obtain any other independent appraisals, valuations, or bids to establish the market value of the collateral. See *Hall v. Owen County State Bank*, 370 N.E.2d 918, 932 (Ind. Ct. App. 1977) ("any private sale of collateral in which only one bid is received or solicited is highly questionable and should be closely scrutinized by the trial court").

Plaintiff also asserts that the court erroneously considered price as a factor in determining the commercial reasonableness of the sale. Plaintiff notes that under 9A V.S.A. § 9-507(2), "[t]he fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner." Again, a review of the court's decision reveals that it did not rely on sale price alone, but merely factored the extremely low bid, compared to the equipment's resale value, into its overall assessment. This was proper. See *Granite Equip. Leasing Corp. v. Marine Dev. Corp.*, 230 S.E.2d 43, 44 (Ga. Ct. App. 1976) (holding that resale of collateral within short period at substantial profit was evidence of unreasonableness of initial sale); *Hall*, 370 N.E.2d at 929-30 (showing that collateral was resold at substantially higher price may strongly imply that secured party failed to receive fair price for collateral).

Plaintiff next asserts that the court erroneously ignored the fact that defendants themselves reduced the value of the collateral by removing it from the restaurant. There was conflicting evidence on this point, however. The court noted that plaintiff's attorney wrote to defendants asking them "to assemble the collateral

. . . for repossession and sale." Therefore, the court's failure to find defendants responsible for any diminished value resulting from the off-site sale was not clear error. See *Blodgett Supply Co. v. P.F. Jurgs & Co.*, 159 Vt. 222, 228, 617 A.2d 123, 126 (1992) (court's findings and conclusions will not be disturbed merely because there was substantial contradictory evidence).

Finally, plaintiff asserts that the sale was presumptively reasonable under 9A V.S.A. § 9-507(2), which provides that a secured party has sold the collateral in a commercially reasonable manner if he or she sold "in the usual manner in any recognized market therefor or if [the secured party] sells at the current price in such market at the time of [the] sale or if [the secured party] has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold." Plaintiff cites in this regard the trial court's findings that Stan & Son was a dealer in used restaurant equipment, a regular participant in a recognized used equipment market covering Vermont, New Hampshire, New York and western Massachusetts, and was frequently asked to bid on equipment that it had repossessed and stored. The court found, however, that plaintiff had failed to demonstrate that it sold the equipment through the recognized market at the current market price or in conformity with reasonable commercial practices among such dealers. Indeed, it found there was no credible evidence to support a finding that plaintiff's reliance on Stan & Son's exclusive, self-serving bid was the common or reasonable market practice. See *Jackson State Bank v. Beck*, 577 P.2d 168, 170 (Wyo. 1978) (sale of collateral by creditor to itself was not commercially reasonable). These findings and conclusions were not clearly erroneous in the light of the record evidence, and therefore must be upheld. See *Maryanski*, 138 Vt. at 243, 415 A.2d at 208.

Lastly, plaintiff contends that even if the sale was not made in a commercially reasonable manner, this determination should not operate as an absolute bar to recovery of a deficiency judgment. Plaintiff notes that a number of jurisdictions do not apply the absolute bar rule, and urges this Court to adopt a rule that would allow it to recover the difference between the fair market value attributed to the equipment by defendants ($8,000) and the deficiency ($21,355.11). We rejected an identical argument in a similar case involving a failure to provide reasonable notice of the sale of repossessed property. See *Chittenden Trust Co. v. Andre Noel Sports*, 159 Vt. 387, 392-95, 621 A.2d 215, 218-20 (1992). As we explained in *Andre Noel*, the absolute bar rule "is simple, certain, and easily administered, and it provides greater incentive for creditors to comply with § 9-504(3)." *Id.* at 395, 621 A.2d at 220. Therefore, as in *Andre Noel*, we decline to abandon our long-held rule.

*Affirmed.*