*Community Bank v. Masic*, No. 189-3-19 Cncv (J. Toor, Aug. 2, 2019).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Chittenden Unit | Docket No. 189-3-19 Cncv |

<div style="border:1px solid">

## Community Bank, N.A. vs. Masic

</div>

## ENTRY REGARDING MOTION

Count 1, Collection (189-3-19 Cncv)

Title:          Motion for Summary Judgment (Motion 1)
Filer:          Community Bank, N.A.
Attorney:    Antonin I.Z. Robbason
Filed Date:  May 13, 2019

Response filed on 07/17/2019 by Attorney Jean L. Murray for party 2 Limited Appearance
        Defendant's Opposition.
Response filed on 07/26/2019 by Attorney Antonin I.Z. Robbason for Plaintiff Community Bank,
N.A.
        Plaintiff's Reply;

This case involves a car loan. The Kia in question has been repossessed for nonpayment and sold, and Community Bank (the Bank) now seeks a judgment for the remaining balance due on the loan. The Bank has filed a motion for summary judgment, which defendant opposes. Antonin Robbason, Esq. represents the Bank and Jean Murray, Esq. represents defendant Sabina Masic.

### Findings of Fact

The Bank's statement of material facts stands undisputed, as no opposition to any of those facts has been filed. The facts therein are that Masic took out a loan in July of 2015 and stopped making payments. The Bank declared the loan in default in October 2015 and made a demand for payment. Masic failed to pay. Interest accrued as of March was $$2,146.81.

The statement of facts says nothing about the sale, notice of the sale, what the car sold for, or how much is still owed on the loan.

Masic adds additional facts, which are that the car began to have mechanical problems a week after buying the car, it was in and out of the shop for a month, and Masic asked the bank if she could return the car because it could not be fixed. A week later the bank repossessed the car (apparently with Masic's consent). In her answer, Masic adds that she was told the warranty did not cover a new engine.

Conclusions of Law

It is undisputed that Masic did not pay and therefore breached the contract. However, she argues that the motion ignores her affirmative defense of breach of the warranty of merchantability. She cites for that defense the FTC Holder Rule, 16 C.F.R. 433.2, language in the contract, and Tracy v. Vinton Motors, Inc., 130 Vt. 512, 516 (1972). The Tracy case makes clear that the implied warranty in 9A V.S.A. 2-314(2)(c) applies to used cars. Thus, such a car must be "reasonably fit for the ordinary uses it was manufactured to meet." Id. The FTC rule requires certain language in contracts such as the one here. The contract contains such language, stating that it is "subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof." Plaintiff's Ex. 1 at 3.

The Bank responds that because Masic has provided only her answer, not an affidavit, the facts she raises cannot be considered. However, it is Plaintiff's motion. Thus, it is the Bank's burden to show that defenses raised in an answer can be defeated before it can obtain summary judgment. It has failed to do so. This is not a question of Masic failing to properly dispute a fact put forth by the Bank, it is a question of Plaintiff failing to even address the defense in its statement of facts. Masic would have to respond with admissible facts if the

2

Bank had raised the issue in its motion. *See, e.g.*, <u>F.D.I.C. v. Giammettei</u>, 34 F.3d 51, 54 (2d Cir. 1994) ("Where a plaintiff uses a summary judgment motion, in part, to challenge the legal sufficiency of an affirmative defense—on which the defendant bears the burden of proof at trial—a plaintiff may satisfy its Rule 56 burden by showing that there is an absence of evidence to support [an essential element of] the [non-moving party's] case.") (citation and quotation omitted); <u>Brown v. State</u>, 2013 VT 112, ¶ 12, 195 Vt. 342 ("The moving party bears the burden of establishing the absence of a genuine issue of material fact, satisfied in certain cases *by showing the nonexistence of evidence to support the nonmoving party's case.*")(emphasis added). However, it did not, and thus created no burden for Masic to respond with facts. "The party seeking summary judgment must not only establish that no genuine issues of material fact exist as to the party's claims but must also either factually refute the affirmative defenses or establish that they are legally insufficient." <u>Sanchez v. Soleil Builders, Inc.</u>, 98 So. 3d 251, 254 (D.C.A. Fla. 5th Dist. 2012)(citation omitted); *see also* <u>Reiswerg v. Statom</u>, 926 N.E.2d 26, 30 (Ind. 2010)("The defendants were under no obligation to raise their affirmative defenses in response to the motion for partial summary judgment that [Plaintiff] presented. A non-movant is not required to address a particular element of a claim unless the moving party has first addressed and presented evidence on that element.").

Moreover, although not raised by Masic, the court notes that although the facts in the Plaintiff's statement of facts are undisputed, it does not support judgment here. It fails to address the commercial reasonability of the sale or the notice used. "The burden is on the secured party to prove that the disposition of collateral was commercially reasonable, and preceded by reasonable notice." <u>Fed. Fin. Co. v. Papadopoulos</u>, 168 Vt. 621, 623, 721 A.2d 501, 503 (1998). The statement also fails to state how much was recovered at sale, or how much remains due. Such a statement must provide every fact that would need to be proved

3

at trial to win a judgment. It fails to do that. It cannot support summary judgment any more than a trial limited to the evidence in the statement could support a judgment at trial. Although an affidavit with the relevant facts is also submitted, the whole point of a statement of material facts is to make clear what is disputed or undisputed by requiring the other side to respond to it. When crucial facts are not in the statement, the entire Rule 56 process is undercut. The court requires compliance with the rule.

<div align="center">Order</div>

The motion is denied. The case will be set for a two-hour trial. If a longer hearing is required, please advise the clerk within ten days.

Dated at Burlington this 2nd day of August, 2019.

_____
Helen M. Toor
Superior Court Judge

Notifications:
Antonin I.Z. Robbason (ERN 1103), Attorney for Plaintiff Community Bank, N.A.
Defendant Sabina Masic
Jean L. Murray (ERN 4576), Attorney for party 2 Limited Appearance