# John T. Adams v. B & D Builders & Developers, Inc., and Maynard C. Persons and Dolores Persons

[477 A.2d 628]

No. 83-001

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 27, 1984

354

*Keyser, Crowley, Banse, Abell & Facey,* Rutland, for Plaintiff-Appellant.

*Stephen Cosgrove* of *Corsones & Hansen,* Rutland, for Defendant-Appellee.

Peck, J. Plaintiff, John T. Adams, appeals the dismissal of his suit against co-defendant Dolores Persons by the Rutland Superior Court.

The sole issue presented on appeal is whether the notice provision of 9A V.S.A. § 9—504(3) of the Vermont Uniform Commercial Code (U.C.C.) requires actual or constructive notice to debtors to validate a sale of collateral after default on a loan obligation. On the facts of this case, we hold that constructive notice was sufficient. Accordingly, we reverse.

Defendants Maynard and Dolores Persons are husband and wife. Prior to this action they were sole shareholders of defendant B & D Builders & Developers, Inc. (B & D). B & D borrowed $20,000.00 from plaintiff, as evidenced by a promissory note personally guaranteed by Maynard and Dolores Persons. As security for the note, Maynard Persons pledged twenty-one shares of stock in another small closely held corporation. B & D defaulted on the note and plaintiff brought

suit. Sometime thereafter plaintiff's attorney sent the following letter by certified mail to Maynard Persons, which was received by him at his home address:

> Please take notice that Tracy Adams will sell at public sale to the highest bidder the 21 shares of Vermont Wanee Camp, Inc., which you pledged to him on or about November 3, 1976, to secure payment of your guarantee of a promissory note of B and D Builders and Developers, Inc. of November 1, 1976 in the original principal amount of $20,000.
> The sale will take place at 7 First Street, Fair Haven, Vermont on the eighth (8) day of February, 1980, at 10:00 a.m. The terms of the sale will be cash at the time of sale, and Mr. Adams reserves the right to bid.
> You may, of course, redeem the shares by paying the present amount due of $26,250.00 to Mr. Adams at any time before the sale.

Proper notice of the sale was also published in a regional newspaper, the Rutland Herald, on two separate dates.

The sale attracted no other buyers, and the collateral was purchased by plaintiff. Plaintiff applied the sale proceeds to the debt and continued his action against B & D and Dolores Persons for the deficiency.* The court below found that Mrs. Persons did not receive a notice similar to the letter received by her husband; and that, based on her testimony, she did not have actual knowledge of the intended sale from any other source. The court held, therefore, that she had not been given "reasonable" notice of the proposed sale as required by 9A V.S.A. § 9—504(3). The action was then dismissed as against Mrs. Persons and judgment was entered for plaintiff against B & D.

Subject to certain exceptions not applicable here, 9A V.S.A. § 9—504(3) provides that: "reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended dis-

---

\* Maynard Persons was no longer a party to the action at this point. Plaintiff's claim against him was severed in accordance with a stay of court proceedings issued by the United States Bankruptcy Court for the Northern District of New York pursuant to 11 U.S.C. § 362(a).

position is to be made shall be sent by the secured party to the debtor . . . ."

■■ Mr. and Mrs. Persons, as guarantors of the debtor corporation's obligation, were "debtors" within the meaning of § 9—504(3), and therefore were entitled to reasonable notice of the collateral sale. *Chase Manhattan Bank, N.A.* v. *Natarelli,* 93 Misc. 2d 78, 401 N.Y.S.2d 404, 411 (Sup. Ct. 1977) ; *Chemlease Worldwide Inc.* v. *Brace, Inc.,* 338 N.W.2d 428, 433 (Minn. 1983); *Borg-Warner Acceptance Corp.* v. *Watton,* 215 Neb. 318, 323, 338 N.W.2d 612, 615 (1983). Plaintiff has the burden of proving that he provided reasonable notice or risk forfeiture of his right to recover a deficiency judgment. *Chittenden Trust Co.* v. *Maryanski,* 138 Vt. 240, 244–45, 415 A.2d 206, 209 (1980).

■ The purpose of notice under § 9—504(3) of the U.C.C. is to allow persons having any interest in the collateral or possible liability for a deficiency claim to do whatever is necessary to redeem the property or see that the disposition brings a fair price to minimize the deficiency. *First National Bank* v. *Cillessen,* — Colo. App. —, —, 622 P.2d 598, 600 (1980) ; *FMA Financial Corp.* v. *Pro-Printers,* 590 P.2d 803, 807 (Utah 1979).

■ Section 9—504(3) provides no specific manner in which notice of disposition of collateral is to be given. In the absence of such guidance, courts must focus on whether the secured party has taken "reasonable steps" necessary to inform the debtor and other interested parties of the disposition. J. White & R. Summers, Uniform Commercial Code § 26-10, at 1110 (2d ed. 1980). Whether such steps are reasonable can be determined only "in terms of particular fact situations." *Chittenden Trust Co.* v. *Maryanski, supra,* at 244, 415 A.2d at 208 (quoting 2 G. Gilmore, Security Interests in Personal Property § 44.5, at 1234–35 (1965)). One of the factors courts will look to in determining the reasonableness of the notice given is a showing of good faith by the secured party. *Day* v. *Schenectady Discount Corp.,* 125 Ariz. 564, 568, 611 P.2d 568, 572 (1980) ; see *Slocum* v. *First National Bank,* 152 Ga. App. 632, 634, 263 S.E.2d 516, 517 (1979).

■ As in most jurisdictions, there is no absolute require-ment that the debtor actually receive notice. *Day* v. *Schenec-tady Discount Corp., supra,* at 568, 611 P.2d at 572. Section 1—201(26) of the U.C.C. provides that: "[a] person 'noti-fies' or 'gives' a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course *whether or not such other actually comes to know of it.*" (Emphasis added.)

We now turn to the facts in the case at bar. There is no dispute that separate notice was not sent to Mrs. Persons. However, at all times material, Maynard and Dolores Persons resided together as husband and wife. They were each 50 percent shareholders of the B & D Corporation. Moreover, Mrs. Persons was also a director and secretary of B & D. Mrs. Persons testified that, while most business decisions involving B & D were made by her husband, she nevertheless assisted him in many financial affairs of the enterprise.

■ On facts virtually identical to these, a New York court imputed § 9—504(3) notice received by a husband to a wife who was also a secretary and co-owner of a debtor corpora-tion. *Chase Manhattan Bank, N.A.* v. *Natarelli, supra,* 93 Misc. 2d 78, 401 N.Y.S.2d at 413. Ordinarily, knowledge of a director or officer of a corporation will not be imputed to an-other director or officer so as to affect him personally. 3 Fletch-er Cyclopedia of Corporations § 837 (E. Smith 1980). How-ever, "in the case of close corporations, equity may require that individuals should be charged with the knowledge for-mally given to other officers, particularly where all officers are closely related and the free transfer of knowledge is likely." *Id.* (1983 cum. supp.) (citing *Merchants National Bank & Trust Co.* v. *H.L.C. Enterprises, Inc.,* — Ind. App. —, —, 441 N.E.2d 509, 514 (1982)); cf. *Black River Asso-ciates, Inc.* v. *Koehler,* 126 Vt. 394, 399, 233 A.2d 175, 179 (1967) (knowledge of prior purchaser acquired by wife im-puted to husband who was her partner in purchase of real estate).

■ We agree with plaintiff that he made a good faith effort to take reasonable steps to notify both guarantors of the sale under § 9—504(3). Considering that Mr. and Mrs.

Persons were co-residents, co-owners, officers and guarantors of the debtor corporation, it was reasonable to assume that, in addition to being published in the newspaper, notice to one of an event so central to the existence of the debtor corporation would be passed on to the other. In view of the evidence that she was a licensed real estate broker, necessarily familiar with many financing arrangements, we cannot accept the argument advanced by defendant's counsel that Mrs. Persons was a mere "rubber stamp" who simply signed everything her husband told her to, and had no knowledge of financial matters. On the facts of this case, that does not seem probable.

The court below erred in holding that actual knowledge of the collateral sale was required by 9A V.S.A. § 9—504(3). There was no evidence of bad faith or fraud, see *First Alabama Bank of Montgomery, N.A.* v. *Parsons,* 426 So. 2d 416, 418 (Ala. 1982), and the steps plaintiff took to notify the debtors were reasonable and sufficient.

*Reversed and remanded.*