**UNITED STATES of America**

v.

**Sandra P. LANG, Constance A. Tidd, Mary K. Wanger and Peter Wanger.**

Civ. A. No. 84–176.

United States District Court,
D. Vermont.

June 18, 1985.

Christopher B. Baril, Asst. U.S. Atty., Rutland, Vt., for plaintiff.

Norman C. Smith, Bloomberg & Greenberg, Burlington, Vt., for defendant Sandra P. Lang.

Michael L. Burak, Goldstein, Manello & Burak, Burlington, Vt., for defendants Mary K. Wanger and Peter Wanger.

OPINION AND ORDER

BILLINGS, District Judge.

This action is brought by the United States on behalf of the Small Business Administration for the alleged failure by various defendants to honor guaranties allegedly made on a promissory note executed on behalf of Neptune Sports Enterprises, Inc. (Neptune Sports). After Neptune Sports defaulted on the note, the United States, as was its right under 9A V.S.A. § 9–504, sold the assets of the Nautilus Alternative, the collateral which had secured the government's rights under the note. Since the government did not recover from the sale the full amount owed to it under the note, the government has filed this action against defendant Lang and various other guarantors, seeking a deficiency judgment for the balance owed.

9A V.S.A. § 9–504(3) requires the secured party to give "reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made" to the debtor before the sale occurs. The parties are agreed that defendant Lang, as guarantor of the note, is a "debtor" within the meaning of § 9–504(3) and, as such, was entitled to reasonable notice before this sale occurred.

Defendant Lang has moved for summary judgment as to the claim against herself, asserting that she received no notice of the sale. The government apparently admits that no actual notice was ever given, but responds that constructive notice is sufficient under the statute. The government further maintains that, even if proper notice was not given, such failure does not, in

itself, preclude the secured party from recovering a deficiency judgment.

We find no evidence in the record of any notice, either actual or constructive, and thus must conclude that the statute's notice requirement has not been met. Furthermore, we hold notice is a prerequisite to recovery of a deficiency judgment under § 9–504(3). Accordingly, defendant Lang's motion for summary judgment is GRANTED.

## DISCUSSION

### A. No Notice Given

Defendant asserts that she received no notice of the sale of the assets securing the note. The government responds simply by citing *Adams v. B & D Builders & Developers, Inc.*, 144 Vt. 353, 477 A.2d 628 (1984) for the proposition that *actual* notice is not necessary and that *constructive* notice may be sufficient. However, the government fails to identify, and the record is devoid of, any evidence of constructive notice. In this regard we note that mere conclusory statements are insufficient to avoid a summary judgment against one's position. *DiMauro v. Pavia*, 492 F.Supp. 1051, 1058–59 (D.Conn.), *aff'd* 614 F.2d 1286 (2d Cir.1979); *Hahn v. Sargent*, 523 F.2d 461 (1st Cir. 1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). If the government wishes us to find that a question of material fact remains as to whether constructive notice was given in this case, the government must submit evidence of that notice sufficient to raise such a question. Since it has failed to do so in this instance, we hold that no notice was given as required by the statute and Vermont case law.[1]

### B. Notice a Prerequisite to a Deficiency Judgment

The government next argues that, even where notice is not given, a secured party

may recover a deficiency judgment if it can prove by other evidence the value of the collateral sold. In so arguing, the government cites case law from two jurisdictions, Utah and Colorado, which supports this position. *First National Bank of Denver v. Cillessen*, 622 P.2d 598 (Colo.1980); *FMA Finance Corporation v. Pro-Printers*, 590 P.2d 803 (Utah 1979). This ignores, however, that there is in fact a split of authority on this question, with many courts holding that proper notice is a prerequisite to a deficiency judgment. *See, e.g., Executive Finance Services, Inc. v. Garrison*, 722 F.2d 417, 418–19 (8th Cir. 1983) (applying Missouri law); *Comfort Trane Air Conditioning Co. v. Trane Co.*, 592 F.2d 1373, 1387 (5th Cir.1979) (Georgia law); *Nixdorf Computer, Inc. v. Jet Forwarding, Inc.*, 579 F.2d 1175, 1179 (9th Cir.1978) (Calif. law). *But see Equico Lessors, Inc. v. Wetsel*, 576 F.Supp. 13, 18 (W.D.Okla.1983) (Oklahoma law); *First National Bank of Louisville v. Insurance Centers, Inc.*, 560 F.Supp. 1261, 1264–65 (D.Mo.1983) (New Jersey law); *National Acceptance Co. of America v. Medlin*, 538 F.Supp. 585, 588 (N.D.Ill.1982) (Illinois law).

More importantly, the government ignores the fact that Vermont's statute, 9A V.S.A. § 9–504(3), has been construed by the Vermont courts to require that secured parties prove compliance with its terms in order to later obtain a deficiency judgment, *Chittenden Trust Co. v. Maryanski*, 138 Vt. 240, 415 A.2d 206 (1980), and, more specifically, by the Bankruptcy Court in this jurisdiction to require proof of reasonable notification. *In re Wayne Ford-Chrysler, Inc.*, 38 B.R. 174 (Bankr.D.Vt. 1984). We quote from *Maryanski*:

Finally, we turn to the consequences of failing to prove reasonable notice and a commercially reasonable disposition of collateral. Again we adopt the majority

---

1. At the hearing on this motion, the government represented to the Court that it had evidence to submit on that issue and that it would do so presently. The Court permitted the government leave to make such a filing but, to date, the government has failed to do so. Therefore, the Court assumes the government waives its right to file such evidence.

view, which is that the secured party's duty to prove compliance with § 9–504(3) is a *condition precedent* to recovery of a deficiency judgment.

Since Vermont's statute requires that reasonable notice be given to a guarantor in order to later recover a deficiency judgment against that guarantor, and since there is no evidence in the record of such notice, defendant's motion for summary judgment must be GRANTED. Plaintiff's complaint, as against defendant Lang, is hereby DISMISSED with prejudice.