UNITED STATES of America

v.

**Sandra P. LANG, Constance A. Tidd, Mary K. Wanger and Peter Wanger.**

Civ. A. No. 84-176.

United States District Court, D. Vermont.

Nov. 20, 1985.

Christopher B. Baril, Asst. U.S. Atty., Rutland, Vt., for plaintiff.

Norman C. Smith, Bloomberg & Greenberg, Burlington, Vt., for defendant Sandra P. Lang.

Michael L. Burak, Goldstein, Manello & Burak, Burlington, Vt., for defendants Mary K. Wanger and Peter Wanger.

No appearance for defendant Constance A. Tidd.

## OPINION AND ORDER

BILLINGS, District Judge.

On September 19, 1985, defendant Peter Wanger ("defendant") filed with this Court a motion for summary judgment dismissing the action. The government opposed the motion. The Court heard oral argument on October 10, 1985. For the reasons recited below the motion is GRANTED.

## BACKGROUND

The government brings this action on behalf of the Small Business Administration against defendant for a deficiency judgment concerning a promissory note executed by Neptune Sports Enterprises, Inc. ("Neptune Sports") in Vermont. Defendant, a resident of Nevada who signed the note by power of attorney, had guaranteed payment of any deficiency after default by Neptune Sports. Defendant brought this motion for summary judgment on grounds that the government failed to give notice of the sale of collateral as required by 9A V.S.A. § 9–504(3). Defendant cites this Court's order of June 18, 1985, 610 F.Supp. 292, granting the summary judgment motion of defendant Sandra P. Lang, president of Neptune Sports, because the government failed to meet the provision of 9A V.S.A. § 9–504(3).

## DISCUSSION

9A V.S.A. § 9–504(3) requires that the secured party give notice to the debtor of the time and place of any public or private sale. The parties agree that defendant, as a guarantor of the note, is a debtor within the meaning of § 9–504(3). *See also Adams v. B & D Builders & Development, Inc.*, 144 Vt. 353, 356, 477 A.2d 628 (1984) (guarantors are debtors within the meaning of § 9–504(3)). The parties do not dispute that no notice, actual or constructive, was

given. But, the United States contends that defendant waived any right to notice by the terms of the note. The note gave the government full authority to sell the collateral "in its uncontrolled discretion and without notice to the undersigned"; however, this power was limited to the extent permitted by law. Plaintiff's Exhibit E at ¶ (e) attached to the complaint. Thus, the question before the Court is whether a guarantor can waive the notice provisions of § 9–504(3).

9A V.S.A. § 9–501(3) states that the notice requirements of § 9–504(3) can not be waived by a debtor and the government acknowledges this fact. Plaintiff's opposition to defendant Wanger's motion dated October 8, 1985 at pg. 3. However, the government argues that the non-waiver provision of § 9–501(3) does not apply to guarantors, citing two cases. In both cases, *United States v. Lattauzio*, 748 F.2d 559 (10th Cir.1984) and *United States v. Kukowski*, 735 F.2d 1057 (8th Cir.1984), a critical distinction must be made between them and this case. Both of the cited cases apply different state laws, New Mexico and North Dakota, respectively. In the absence of federal law, this Court may apply Vermont law. *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 729, 99 S.Ct. 1448, 1459, 59 L.Ed.2d 711 (1979) (state commercial codes afford rules not inconsistent with federal interests)[1]. Since Vermont adopted article 9 of the Uniform Commercial Code, 9A V.S.A. § 9–501(3) reads the same as the provisions interpreted by the courts applying North Dakota and New Mexico law. However, after researching Vermont law the Court arrives at a different conclusion.

The Vermont Supreme Court has not decided the issue of whether a guarantor can waive the notice provisions of § 9–504(3). The Vermont Supreme Court has recognized broadly the need for a guarantor to receive notice. "The purpose of notice under § 9–504(3) of the UCC is to

---

1. Beyond broad policy regulations of the Small Business Administration, no federal law or regulations dealing with the issue of waiver of notice by a guarantor has been cited by the parties.

allow persons having *any interest* in the collateral or possible liability for a deficiency claim to do whatever is necessary to redeem the property or see that the disposition brings a fair price to minimize the deficiency." *Id.* 144 Vt. at 356, 477 A.2d 628 (emphasis added). In *Adams*, the Vermont Supreme Court cited a Utah case, *FMA Financial Corp. v. Pro-Printers*, 590 P.2d 803 (Utah Sup.Ct.1979), and a Colorado case, *First National Bank of Denver v. Cillessen*, 622 P.2d 598 (Colo.App.1980). *Id.* Both cases involved deficiency judgment actions where the secured party failed to give notice and neither court allowed the deficiency judgment. In *First National Bank of Denver*, the court stated clearly that notice under § 9–504(3) may not be waived. *First National Bank of Denver v. Cillessen*, 622 P.2d 598, 601 (Colo.App.1980). This position appears to be the majority position in the country. *See Ford Motor Credit Co. v. Lotosky*, 549 F.Supp. 996, 1004 (E.D.Pa.1982) (reasons supporting conclusion that guarantors are debtors under § 9–504 apply equally to waiver issue); *Commercial Discount Corp. v. King*, 515 F.Supp. 988, 992 (N.D. Ill.1981) (pre-default waiver not permitted under Illinois law); *United States ex. rel. Small Business Administration v. Chatlins Dept. Store, Inc.*, 506 F.Supp. 108, 112 (E.D.Pa.1980) (under federal common law unconditional guaranty in technical sense does not waive defense); *Commercial Credit Corp. v. Lane*, 466 F.Supp. 1326, 1332 (M.D.Fla.1979) (guarantor stands in shoes of debtor regarding entitlement to notice); *see also United States v. Willis*, 593 F.2d 247, 256 (6th Cir.1979) (requirement of commercial reasonableness of sale is part of federal common law and is non-waiverable).

Clearly, the equities of this case weigh for granting the motion. Defendant's sole contact with the promissory note was signing it through his power of attorney. Defendant had no other contact with Neptune Sports and was clearly a passive investor, residing at great distance from Neptune Sports. By applying § 9–501(3), the Court requires only that notice be given to guarantors as well as debtors. Given the posture of the Vermont Supreme Court to protect broadly the rights of guarantors by requiring that secured parties give them notice pursuant to § 9–504(3) and the minimal burden placed on secured parties by prohibiting waiver of the notice, the Court finds that § 9–501(3) applies to guarantors and bars defendant's pre-default waiver of the protection of § 9–504(3). The government's failure to meet the requirements of § 9–504(3) precludes recovery of a deficiency judgment.

### CONCLUSION

The motion for summary judgment of defendant is GRANTED.

SO ORDERED.