**UNITED STATES of America, Plaintiff,**

v.

**Charles D. McALLISTER and Alice A. McAllister, Defendants.**

No. 86 CV 3860.

United States District Court,
E.D. New York.

June 17, 1987.

Andrew J. Maloney, U.S. Atty., E.D.N.Y. (Don A. Paradiso, Brooklyn, N.Y., of counsel), for plaintiff.

Pinks, Brooks, Stern & Arbeit, Hauppauge, N.Y. (Steven G. Pinks, of counsel), for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action by the United States Small Business Administration ("SBA") to recover on a loan guaranty executed by defendants. Plaintiff has moved for summary judgment. Fed.R.Civ.P. 56. For the reasons stated below, the motion is granted.

### Facts

The following facts are not in dispute. On May 11, 1979 Peconic Bay Industries, Inc. ("Peconic Bay"), acting through its president, defendant Charles D. McAllister, executed a promissory note in which it agreed to pay to the State Bank of Long Island ("the Bank") $85,000 plus interest in sixty monthly installments. Peconic Bay also delivered as collateral a chattel mortgage covering all of its personal property.

As further security for the loan, both defendants executed and delivered to the bank a guaranty of all past, present or future obligations of Peconic Bay up to the amount of $85,000 plus interest, costs and expenses.

The documents were executed on SBA forms. The guaranty agreement explicitly stated: "State Bank of Long Island does hereby assign all rights and interest in this document to the Small Business Administration."

Peconic Bay made payments until February 1983. It apparently ceased doing business in March 1983, and, defendants say, its assets were turned over to the Bank. Demand was made on defendants for the unpaid principal of $29,431.60 plus interest, but no payments were forthcoming. On November 14, 1986 this action was commenced seeking $43,225.21—the amount of the unpaid principal plus $13,793.61 in accrued interest as of November 5, 1986.

Along with the complaint defendants were served with requests for admissions. Among the items they were asked to admit were the genuineness of the documents and the amount of the indebtedness. Defendants neither responded to the requests nor sought additional time to do so. They do not on this motion contest the truth of the matters requested to be admitted, but rather contend that those facts do not support the entry of summary judgment against them.

### Discussion

Fed.R.Civ.P. 56(c) provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 36 provides that failure to respond to requests for admission operates as an admission and that admitted matters are conclusively established for purposes of the action.

Defendants have admitted that the note and guaranty, and their signatures thereon, are genuine; that Peconic Bay defaulted on the note; that $29,431.60 plus interest is due under the note; and that they have not made any payments on Peconic Bay's account since the default. The guaranty states that defendants "unconditionally guarantee[ ] to [the Bank] the due and punctual payment when due . . . of the principal of and interest on and all other sums payable, or stated to be payable, with respect to the note of [Peconic Bay], made by [Peconic Bay] to [the Bank]. . . ." Under the unambiguous terms of the instrument, defendants are liable for the claim here.

■ Despite this seemingly straightforward state of affairs, defendants contend that there are several disputed fact issues that bar the entry of summary judgment. First they state that plaintiff has failed to establish that the note executed by Peconic Bay payable to the Bank has been negotiated to the SBA under Article Three of the Uniform Commercial Code. They have not, however, suggested how that fact might be relevant. This suit seeks recovery under the guaranty executed by the defendants as individuals, not on the note executed by the corporate entity Peconic Bay. Nothing in defendants' agreement conditions their liability on negotiation of the note.

■ Defendants next argue that plaintiff has not shown that the guaranty was assigned by the Bank to the SBA. They overlook the plain language so stating on the face of the document. In addition, the assignment to the SBA of the note and the guaranty was described in the government's statement under Local Civil Rule 3(g). That provision requires the party moving for summary judgment to submit a short, separate statement of the material facts as to which it contends there is no genuine issue to be tried. *See* Rule 3(g) of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. It further provides that all such facts set forth will be deemed admitted unless controverted by a statement listing those facts that the party op-

posing the motion believes present genuine issues for trial. *See id.* Defendants here have failed to submit a Rule 3(g) statement, and they therefore cannot be heard to argue that the assignment has not been established.

■ They next urge that even if the SBA is deemed to be a holder of the note, it is not a holder in due course, but rather a holder subject to defenses under section 3–302 of the Uniform Commercial Code ("UCC"). Aside from the fact that, as noted above, this suit is not on the note but on the guaranty, the argument is without merit because the defense suggested is unavailing. It is contended that the claim is barred because the handling of the collateral did not comply with UCC § 9–504, which requires a secured party to dispose of collateral in a commercially reasonable manner and to give the debtor reasonable notification of the sale. This defense is waived, however, by a clause in the guaranty: defendants "grant[ed] to [the Bank] full power, in its uncontrolled discretion and without notice to the [defendants] . . . to deal in any manner with the [amounts due on the note] and the collateral. . . ."

Whether this language is effective to preclude assertion of the defense of commercial unreasonableness must be determined according to state law. *United States v. Lattauzio,* 748 F.2d 559, 562 (10th Cir.1984); *United States v. Lang,* 621 F.Supp. 1182, 1183 (D.Vt.1985). Under New York law, this language does operate as a waiver of rights under UCC § 9–504. *See First City Div. of Chase Lincoln First Bank, N.A. v. Vitale,* 123 A.D.2d 207, 211, 510 N.Y.S.2d 766, 768–69 (3d Dep't 1987) (citing *Executive Bank of Fort Lauderdale, Fla. v. Tighe,* 54 N.Y.2d 330, 445 N.Y.S.2d 425, 429 N.E.2d 1054 (1981)). Accordingly, I hold that defendants have "waived the 'defense' of commercial unreasonableness with respect to the SBA's disposition of the collateral securing the loan agreement between SBA and [Peconic Bay]." *United States v. New Mexico Landscaping, Inc.,* 785 F.2d 843, 847 (10th Cir.1986). They have also waived the right

to notice of the sale of the collateral. *See id.* at 849.

■ Finally, defendants suggest that this action runs afoul of Fed.R.Civ.P. 19, in that the Bank and Peconic Bay should have been joined as indispensable parties. It is not explained, however, how those parties are required for complete relief in an action on a guaranty to which they are not parties. Their presence is not necessary for a just adjudication.

Accordingly, because the disputed fact issues identified by defendants are not material, *see Applegate v. Top Assocs., Inc.,* 425 F.2d 92, 97 (2d Cir.1970), and because plaintiff is entitled to judgment as a matter of law, the motion for summary judgment is granted.

SO ORDERED.